The CITY OF AKRON, Appellee,

v.

JARAMILLO, Appellant.

[Cite as *Akron v. Jaramillo* (1994) 97 Ohio App.3d 51.]

Court of Appeals of Ohio,
Summit County.

No. 16459.

Decided Sept. 14, 1994.

*Douglas J. Powley,* City Prosecutor, and *Rhonda L. Hendricks,* Assistant City Prosecutor, for appellee.

*Stephen Jaramillo,* pro se.

BAIRD, Judge.

This cause comes before the court upon the appeal of the state of Ohio from the judgment of the Municipal Court of Akron, amending one charge against the appellee, Stephen Jaramillo, and dismissing the remaining two charges against him. We reverse in part and affirm in part.

The state's complaint charged Jaramillo with one count of driving under the influence of alcohol ("DUI"), in violation of R.C. 4511.19(A)(1); one count of driving with an illegal breath-alcohol concentration ("BAC"), in violation of R.C. 4511.19(A)(3); and one count of failing to drive within the lanes of travel, in

violation of R.C. 4511.25. At the hearing of Jaramillo's plea, his attorney urged the court to "reduce" the first count to reckless operation of a vehicle, a violation of R.C. 4511.20. Over the state's objection, the court amended the first count in conformity with defense counsel's suggestion. It then found Jaramillo guilty of reckless operation and ordered him to participate in seventy-two hours of alcohol education at Oriana House and to pay a $250 fine. The court dismissed the remaining two charges *sua sponte.* The state appeals, asserting two assignments of error.

### Assignment of Error I

"The trial court abused its discretion by reducing a charge of DUI to reckless operation over the prosecutor[']s objection."

In its first assignment of error, the state attacks the trial court's ruling with respect to the first charge against Jaramillo. It argues that the court is prohibited from amending a DUI charge to reckless operation. This court agrees.

Crim.R. 7(D) provides:

"The court may at any time before, during, or after a trial amend the * * * complaint * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. * * * "

This rule allows some changes in a criminal complaint, but flatly forbids the court to change the name or identity of the crime charged. That, however, is exactly what happened below. Jaramillo was originally charged with DUI, in violation of R.C. 4511.19(A)(1); the court then impermissibly changed both the name and section number of the charged offense to reckless operation of a vehicle, in violation of R.C. 4511.20.

Moreover, although it may be argued that the thrust of Crim.R. 7(D) is the protection of the accused's right to notice, the accused is not the only party to a criminal trial. As the Court of Appeals of Montgomery County has stated, "[t]he State of Ohio, as the complaining party, * * * is entitled to its day in court." *Dayton v. Thomas* (Apr. 18, 1980), Montgomery App. No. 6567, unreported, at 5. In that case, the trial court had granted the accused's motion to dismiss a misdemeanor complaint charging domestic violence. The basis for the dismissal was that the complaining witness did not wish to go forward. In reversing the judgment, the appellate court held that the trial court had no discretion to grant the accused's motion to dismiss because doing so deprived the state of a fair trial. *Id.* at 5–6.

In that case, the appellee argued that justice demanded that the trial court dismiss the charge because he and the complaining witness were reconciled. The appellate court, in a lengthy discussion of the legal relationships among all the participants to the controversy, pointed out that legal justice requires that the parties to the controversy get a fair and impartial trial of the facts surrounding the alleged crime. The place to take into account facts that have occurred outside the crime, in order to accord the accused some broader sense of justice, "is in the sentencing procedure after the controversy has been fairly and impartially determined, not in the process whereby the controversy is determined." *Id.* at 6.

In the case before this court, the amendment of the complaint was based upon facts extraneous to the alleged crimes. Jaramillo's attorney urged the court to reduce the DUI to reckless operation because (1) this was Jaramillo's first serious traffic offense, (2) he works for the Ohio Department of Mental Health as a counselor for behaviorally disturbed children, and (3) he has a reputation for doing excellent work. Although the state strenuously objected, pointing to Jaramillo's high breath-alcohol level and erratic driving at the time of his arrest, the court apparently found support for the proposed amendment. The state was thereby deprived of its opportunity to prove its DUI case.

The trial court did not just abuse its discretion when it granted Jaramillo's motion to amend the complaint; it had no discretion to do so at all. Because the amendment violates Crim.R. 7(D) and because it deprives the state of a fair trial of the facts, that portion of the trial court's judgment is reversed.

### Assignment of Error II

"A trial court[']s failure to set forth findings of fact and reasons for a dismissal over the objection of the prosecutor is reversible error."

In its second assignment of error, the state attacks the content of the trial court's ruling with respect to the remaining two charges against Jaramillo. Although the state here maintains that it objected to the dismissal of these two charges, it points to no part of the record where that objection is preserved. This court takes note of the state's objection to the amendment of the charge discussed above, but can find no corresponding objection to the dismissals of the BAC charge or the lanes-of-traffic charge.

Crim.R. 48(B) provides:

"If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal."

The trial court dismissed the charges at issue in open court. Because the state failed to object at that time, the court was not required to state its findings of fact

and reasons for the dismissal. The state's second assignment of error is, therefore, without merit.

## Double Jeopardy

Our disposition of this case raises the issue of whether a second trial on Jaramillo's DUI charge would violate his double jeopardy[1] rights. If it would, then this court will dismiss this appeal, since it would be plain error to remand the matter to the trial court. Crim.R. 52(B); *State v. Broughton* (1991) 62 Ohio St.3d 253, 263, 581 N.E.2d 541, 549. If it would not, then the remand is valid and a second trial may be had. Although neither party has briefed this issue, this court is compelled to address it.

The United States Supreme Court considered this issue in *United States v. Scott* (1978), 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65. In that case, the defendant was charged with three counts of distributing various narcotics. At the close of all the evidence, the trial court granted his motion to dismiss two of the counts on the ground of preindictment delay. The appellate court dismissed the government's appeal, reasoning that any further prosecution of those counts would subject him to double jeopardy. The Supreme Court reversed, holding that:

"[W]here the defendant himself seeks to have the trial terminated without any submission to either judge or jury as to his guilt or innocence, an appeal by the Government from his successful effort to do so is not barred by [the Double Jeopardy Clause]." *Id.* at 101, 98 S.Ct. at 2199, 57 L.Ed.2d at 80.

In Jaramillo's case, trial on the DUI charge was terminated without any reference to his guilt or innocence. Consequently, as in *Scott*, retrial on that charge is not barred.

The judgment of the trial court is reversed and the cause is remanded for further proceedings on Jaramillo's DUI charge only. This court is confident that the trial court will be mindful of the time Jaramillo has already served, should it proceed to sentencing on that matter.

*Judgment reversed in part,*
*affirmed in part*
*and cause remanded.*

COOK and DICKINSON, JJ., concur.

---

1. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides: " * * * nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * *." It was made applicable to the states through the Fourteenth Amendment in *Benton v. Maryland* (1969), 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707, 716.