CITY OF AKRON, Appellant,

v.

ROBERTSON, Appellee.

[Cite as *Akron v. Robertson* (1997), 118 Ohio App.3d 241.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17804.

Decided Feb. 12, 1997.

*Tracy D. Stoner,* Assistant City Prosecutor, for appellant.

*Patrick Robertson, pro se.*

---

REECE, Judge.

Appellant, the city of Akron, appeals the *sua sponte* order of the Akron Municipal Court amending the charge against appellee, Patrick A. Robertson, from drug abuse to disorderly conduct. We reverse the trial court's decision and remand the cause for further proceedings.

Patrick A. Robertson was charged with possession of marijuana in violation of Akron City Code 138.10 on April 2, 1996. On April 8, 1996, the trial court, over the prosecutor's objection, amended the charge against Robertson to disorderly conduct, a violation of Akron City Code 132.01. Robertson pleaded guilty to the amended charge and was fined $50 and costs, with all but $40 suspended. The city of Akron timely appealed on April 11, 1996.

Crim.R. 7(D), while permitting some changes to a criminal complaint at any time before, during or after trial, "flatly forbids the court to change the name or identity of the crime charged." *Akron v. Jaramillo* (1994), 97 Ohio App.3d 51, 53, 646 N.E.2d 212, 213. As this court previously held in *Jaramillo,* a trial court has no discretion to amend a complaint over the state's objection if the amendment changes the name or identity of the crime. In the present case, the crime originally charged, possession of marijuana, a drug offense, is completely different in nature from the amended charge, disorderly conduct, an offense against the public peace: the underlying elements of the two crimes are different.

The trial court must not forget that the state, as the complainant, is "entitled to its day in court." *Id.* By amending the charge against Robertson, the lower court deprived the state of a fair trial. Although Robertson may have presented the court with facts seemingly mitigating his culpability, "[t]he place to take into account facts that have occurred outside the crime, in order to accord the accused some broader sense of justice, is in the sentencing procedure after the controversy has been fairly and impartially determined, not in the process whereby the controversy is determined." *Id.* at 54, 646 N.E.2d at 214. The state should not in such a manner be deprived of the opportunity to prove its case.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded for further proceedings on the charge against Robertson for drug abuse in violation of Akron City Code 138.10.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and BAIRD, J., concur.