DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the City of Akron, appeals from the order of the Akron Municipal Court amending the charge against appellee, Gerald Shuman, from domestic violence to disorderly conduct. We reverse and remand for further proceedings.
On November 11, 1997, the City of Akron issued a complaint charging Gerald Shuman with domestic violence pursuant to Akron City Code 135.16(B). The trial court amended the charge, suasponte, to the lesser charge of disorderly conduct and sentenced Shuman accordingly. The City of Akron timely appealed the trial court's order amending the charge.
In its sole assignment of error, the City of Akron maintains "[t]he trial court abused its discretion by amending a charge of domestic violence to disorderly conduct without the involvement of the prosecutor." The assignment of error is well taken.
"Crim.R. 7(D), while permitting some changes to a criminal complaint at any time before, during or after trial, `flatly forbids the court to change the name or identity of the crime charged.'" Akron v. Robertson (1997), 118 Ohio App.3d 241, 242, quoting Akron v. Jaramillo (1994), 97 Ohio App.3d 51, 53. In the case sub judice, the trial court acted outside its discretion when it amended the charge against Shuman from domestic violence to disorderly conduct. In doing so, the trial court deprived the City of Akron of its day in court. Robertson, supra, at 242. The action of the trial court in sua sponte amending the charge constituted a violation of Crim.R. 7(D).
Accordingly, the City of Akron's single assignment of error is sustained. The judgment of the Akron Municipal Court is reversed and remanded for further proceedings on the charge against Shuman for domestic violence in violation of Akron City Code 135.16(B).
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit, Akron Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. _________________________________ JOHN W. REECE, FOR THE COURT
SLABY, P. J.
DICKINSON, J., CONCUR