The STATE of Ohio, Appellant,

v.

LINDSEY, Appellee.

[Cite as *State v. Lindsey,* 183 Ohio App.3d 727, 2009-Ohio-4124.]

Court of Appeals of Ohio,
Second District, Montgomery County.

Decided Aug. 14, 2009.

Mathias Heck Jr., Montgomery County Prosecuting Attorney, and Carley J. Ingram, Assistant Prosecuting Attorney, for appellant.

Gary C. Schaengold, for appellee.

DONOVAN, Presiding Judge.

{¶ 1} This matter is before the court on the notice of appeal of the state of Ohio, filed July 8, 2008. On September 6, 2007, Darrel Lee Lindsey was indicted on one count of possession of crack cocaine, in violation of R.C. 2925.11(A), a felony of the fifth degree. Lindsey pleaded not guilty on September 20, 2007. On October 3, 2007, Lindsey filed a motion to suppress, which the trial court overruled on November 27, 2007, after a hearing. A trial date was set for February 11, 2008, and on January 29, 2008, at the final pretrial conference, a continuance was granted on the joint motion of Lindsey and the state. The trial court failed to journalize the continuance.

{¶ 2} A new trial date was set for April 7, 2008. At the final pretrial conference, the trial court continued the matter until June 9, 2008. Again, the trial court failed to journalize the continuance, but a review of the transcript of the pretrial conference reveals that the trial court indicated, "I'm only going to be in town the week of the 7th two day—actually three days. I'm going to be in Columbus. * * * I've got to get some training."

{¶ 3} On June 10, 2008, the matter was inexplicably continued again by the court until June 30, 2008. This continuance was also not journalized. A review of the transcript of the "docket appearance" reveals the following exchange occurred:

{¶ 4} "THE COURT: We're going to get a new date.

{¶ 5} "MR. LINDSEY: Yes, ma'am.

{¶ 6} "THE COURT: Your trial is going to be a day, I think. Do you work everyday, Monday through Friday?

{¶ 7} "MR. LINDSEY: Five days a week.

{¶ 8} "THE COURT: Monday through Friday?

{¶ 9} "MR. LINDSEY: Yes, ma'am.

{¶ 10} "THE COURT: Okay. Well, we need to get it far enough out so you can get a vacation day so that you cannot be in trouble, is that right? Because we can't have you in trouble.

{¶ 11} "MR. LINDSEY: Yes ma'am. I'll do the best I can and work whatever schedule you give me."

{¶ 12} On June 26, 2008, the state filed a motion for a continuance, indicating the "primary witness will be out of the state of Ohio during the entire week of June 30, 2008." On the date of trial, Lindsey orally opposed the request to

continue and asked the court to dismiss the matter. The following exchange occurred on the record on June 30, 2008.

{¶ 13} "THE COURT: All right. The Court would note that Mr. Lindsey has been more than compliant every time we've asked him to come in to [sic] court. I have seen him come. He has always come and participated, done what was necessary to do.

{¶ 14} "The Court would also note that we have a time problem in this case. The time is to run within the next week or so, and the Court just does not have— we have noted frequently that trial time is at a premium for us. And, there just is no alternative date within this time frame to offer, nor do I think that having had this trial continued four times that it is appropriate for us to ask for a time waiver from this Defendant.

{¶ 15} "So, at this point, the State—not the State—this Court will dismiss this case with prejudice."

{¶ 16} The state did not object to the dismissal.

{¶ 17} The trial court's entry of dismissal provides, "This matter came before the Court for trial having been continued several times. The court, finding that the State is unable to go forward on the above-mentioned case, finds Defendant's Motion to Dismiss well-taken and GRANTS the same.

{¶ 18} "Wherefore, IT IS HEREBY ORDERED that the above-mentioned case SHALL BE DISMISSED with prejudice."

{¶ 19} The state asserts one assignment of error as follows:

{¶ 20} "The trial court abused its discretion in dismissing the indictment."

{¶ 21} Crim.R. 48(B) provides, "If the court over objection of the state dismisses an indictment * * * it shall state on the record its findings of fact and reasons for the dismissal," and the state's brief appears to assume that the state objected to the dismissal of Lindsey's indictment, arguing that "an appellate court will only overturn a trial court's dismissal under Crim.R. 48(B) upon a showing of an abuse of discretion."

{¶ 22} According to Lindsey, "Where the State failed to preserve an objection to a trial court's dismissal of charges at the time of dismissal, an appeal is without merit," in reliance upon *Akron v. Jaramillo* (1994), 97 Ohio App.3d 51, 646 N.E.2d 212. In *Jaramillo,* at issue was the trial court's failure to set forth findings of fact and reasons for a dismissal over the alleged objection of the prosecutor. The Ninth District found no evidence of objection and held that the court was not required to state its findings of fact and reasons for the dismissal due to the state's failure to object.

{¶ 23} We initially emphasize that "[p]rimarily, it is the judge's *duty to hear and determine causes submitted to him for adjudication,* to apply the law to proven facts, and to enter judgment in accordance with the law and with the facts." (Emphasis added and citation omitted.) *Dayton v. Thomas* (Apr. 18, 1980), Montgomery App. No. 6567, 17 O.O.3d 255.

{¶ 24} "A trial court has discretion over the issue of dismissal. However, that discretion is not unlimited. Of the four courts * * * that have addressed this issue, all have agreed that since neither Crim.R. 48(A) or Crim R. 48(B) expressly provides for a dismissal with prejudice, a dismissal * * * with prejudice may be entered only where there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, *bar further prosecution.*" (Emphasis added and citation omitted.) *State v. Jones,* Montgomery App. No. 22521, 2009-Ohio-1957, 2009 WL 1124457, ¶ 13.

{¶ 25} "A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of an indictment * * *." R.C. 2945.67(A).

{¶ 26} As noted above, the state failed to object to the dismissal, and failure to object waives all but plain error. *State v. Kier,* Montgomery App. No. 189118, 2002-Ohio-2619, 2002 WL 1042041.

{¶ 27} Having reviewed the record, we find plain error in the trial court's dismissal of Lindsey's indictment with prejudice. In *State v. Richter* (1993), 92 Ohio App.3d 395, 635 N.E.2d 1295, the Sixth District found plain error when the trial court accepted defendant's guilty plea to falsification charges and then sua sponte dismissed the matter, without objection from the state. In vacating the lower court's judgment, the Sixth District determined, "The state has substantial rights to have a criminal trial conducted according to proper procedure as established by the Criminal Rules, the United States Constitution, and Ohio Constitution, and applicable provisions of the Ohio Revised Code. Erroneous acts of a court affecting the substantial rights of the state can constitute plain error which can be noticed by the court when the state appeals." Id. at paragraph two of the syllabus.

{¶ 28} Further, the Third District Court of Appeals found plain error in the absence of objection when the trial court dismissed an action on the defendant's oral motion to dismiss, a motion that asserted two distinct legal theories such that it was inadequate to put the state on notice of its basis. *State v. Lautzenheiser* (1991), 77 Ohio App.3d 461, 602 N.E.2d 705. In reversing and remanding the matter for a reinstatement of the charges, the Third District found a "total disregard for the proper procedure," such that the "prosecutor did not have a fair chance to present his case on the merits. It appears that substantial justice may

not have been done. Therefore, it follows that this case as it presently stands represents a miscarriage of justice which should be corrected by the recognition of plain error." Id. at 467, 602 N.E.2d 705.

{¶ 29} This court has also applied the doctrine of plain error to the benefit of the state. In *State v. Anderson* (Aug. 28, 1985), Montgomery App. No. 9099, drug evidence was destroyed, and the trial court, on defendant's motion to dismiss, determined that the state could not prove an essential element of its case and that trial accordingly "appears to be a waste of time for all concerned." We concluded, "Dismissal in complete disregard of other evidence available to the prosecution is plain error, is an abuse of judicial discretion as well as a denial of prosecutorial discretion."

{¶ 30} We initially note that the trial court's oral rationale for dismissal, namely that speedy trial "time is to run within the next week or so," is not substantiated by the record. "Any period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused" extends the time within which an accused must be brought to trial. R.C. 2945.72(E). Accordingly, Lindsey's motion to suppress extended his speedy-trial time.

{¶ 31} Further, speedy-trial time rights may also be extended by the "period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). The trial court failed to journalize and thereby toll Lindsey's speedy-trial time due to (1) the joint continuance requested on January 30, 2008; (2) the court's continuance on March 25, 2008 (sought because the court would be in town three out of five days and yet was unable to accommodate a one-day trial during that period); and (3) the inexplicable continuance granted on June 10, 2008. Although the above continuances were not journalized, absent pre-indictment incarceration, this record does not affirmatively demonstrate a constitutional violation of speedy-trial rights, and the trial court accordingly had an obligation to "hear and determine [the] cause[ ] submitted * * * for adjudication." In other words, we see no constitutional or statutory bar to further prosecution that justified dismissal with prejudice. In conclusion, it is clear that the state's substantial right to have a criminal trial conducted according to proper procedure has been compromised, such that plain error is shown.

{¶ 32} Accordingly, the judgment of the trial court is reversed, and the matter is remanded for further proceedings.

Judgment reversed
and cause remanded.

BROGAN and FAIN, JJ., concur.