[Cite as *Cleveland Hts. v. Roland*, 197 Ohio App.3d 661, 2012-Ohio-170.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96529**

## CITY OF CLEVELAND HEIGHTS,

APPELLEE,

v.

## ROLAND,

APPELLANT.

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cleveland Heights Municipal Court
Case No. CRB 0001843

**BEFORE:** Kilbane, P.J., Blackmon, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 19, 2012

**ATTORNEYS:**

Kim T. Segebarth, Cleveland Heights City Prosecuting Attorney, for appellee.

Tanya M. Linetsky & Associates, L.L.C., Rhys B. Cartwright-Jones, and Tanya M. Linetsky, for appellant.

MARY EILEEN KILBANE, Presiding Judge.

{¶ 1} Defendant-appellant, Francois Roland, appeals the Cleveland Heights Municipal Court's judgment denying his motion to vacate his no-contest plea. Finding merit to the appeal, we reverse the judgment and remand the cause.

{¶ 2} On October 30, 2000, Roland was charged with one count of domestic violence. The record reflects that on November 7, 2000, Roland pleaded not guilty. The matter was set for trial on January 4, 2001, but the docket reflects that the court granted a motion for continuance filed by the city of Cleveland Heights, and the matter was rescheduled to January 25, 2001. The next entry in the record reflects that on January 25, 2001, Roland consented to be sentenced on March 28, 2001, at the local high school, without any indication in the record whether a bench or jury trial was held or whether Roland had executed a jury-waiver form.

{¶ 3} The court, on its own motion, changed the sentencing to March 12, 2001, at which time the court completed a domestic-violence-disposition form. This form indicates that Roland pleaded not guilty and was found guilty. He was sentenced to pay a $1,000 fine, which was suspended, one year of active probation, and one year of inactive probation. The court also sentenced him to six months in jail and suspended all but 45 days. The court stayed the 45-day jail sentence provided that Roland completed a

batterer's program.   However, the court's corresponding electronic docket indicates that Roland pleaded "NC" or no contest and was found guilty.

{¶ 4} In August 2001, after two sentencing reviews, the court suspended Roland's 45-day jail sentence, finding that he was in compliance with sentencing mandates.

{¶ 5} Seven years later, in October 2008, Roland filed a "motion for leave to vacate no contest/guilty plea."   Roland argued that he had entered a no-contest plea on January 25, 2001, which resulted in his conviction.   He further argued that his appointed defense counsel had been ineffective because defense counsel failed to conduct meaningful discovery.   The city opposed, and the court set a hearing on the matter.   Roland and his new attorney failed to appear at this hearing.   The court subsequently denied Roland's motion.

{¶ 6} Then, in October 2010, Roland filed a "motion for order" under Crim.R. 32.1 and R.C. 2943.031, seeking to vacate his no-contest plea and conviction.   Roland is a noncitizen and claims that he was never advised of the immigration consequences of pleading no contest.   Roland renewed this motion in January 2011.   Roland attached the same affidavit to both motions, stating that he had pleaded no contest to domestic violence, there is no record of the proceedings, and no one, including his attorney, informed him of the immigration advisories in R.C. 2943.031.   He further stated that he now faces removal as a consequence of his plea.   After a hearing on both matters, the court denied Roland's motions.[1]   Roland now appeals, raising the following single assignment of error for

---

1. The record indicates that on November 9, 2010, the trial court requested that Roland provide proof of citizenship at the hearing.

review.

> The trial court erred in denying Mr. Roland's motion to vacate his guilty plea pursuant to [R.C. 2943.031]

{¶ 7} Roland is not a citizen of the United States and claims that when he pleaded no contest to domestic violence on or about March 12, 2001, no one, including his attorney, read him the immigration advisories of R.C. 2943.031. Under R.C. 2943.031, a trial court is required to advise a noncitizen defendant of the possible consequences of a guilty or no-contest plea. He argues that now he may face removal or denial of naturalization as a consequence of his plea.

{¶ 8} The city, on the other hand, argues that the trial court did not err when it denied Roland's motion to vacate his no-contest plea, because Roland did not enter a no-contest plea; rather, he entered a not-guilty plea and was found guilty after trial. The city further argues that even if it could be shown that Roland pleaded no contest, Roland failed to demonstrate any prejudice.

{¶ 9} We find the instant case analogous to this court's opinion in *Euclid v. Muller*, 134 Ohio App.3d 737, 732 N.E.2d 410 (8th Dist.1999). In *Muller*, the defendant (Muller) moved to vacate his no-contest plea to domestic violence, arguing that the trial court had failed to inform him of the consequences of his plea as it pertained to citizenship. "Specifically, Muller contend[ed] he was not informed that his no contest plea may have the consequence of deportation since he was not a U.S. citizen and had no legal status in this country." *Id*. at 740. The trial court denied Muller's motion and Muller appealed.

{¶ 10} On appeal, Muller argued that the trial court erred in denying his motion to

withdraw plea and vacate conviction and denying him an oral evidentiary hearing when the trial court failed to advise him of the immigration consequences of his no-contest plea as required under R.C. 2943.031. We agreed with Muller, finding that he had suffered prejudice from the alleged failure of the trial court to inform him of the possible citizenship consequences of his no-contest plea. *Id*. at 743.

{¶ 11} In reaching our decision, we reviewed R.C. 2943.031, which provides:

(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment * * * charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

"If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.

* * *

(D) *Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest* and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and *the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.*

(E) *In the absence of a record* that the court provided the advisement described in division (A) of this section and if the advisement is required by that division, *the defendant shall be presumed not to have received the advisement*.

(Emphasis added.)

{¶ 12} In *Muller*, there was no transcript of any court proceedings and Muller claimed no recordings were ever made. We stated that

> [t]he lack of any transcript prevents us from determining whether either judge at either the arraignment or sentencing failed to inform Muller of the possibility of deportation prior to the taking of his plea, and subsequent conviction. Nothing in the record reflects that Muller, incarcerated for three days, was even present during the judge's pre-arraignment discussion of rights etc., or, if present, understood what was being said due to a language barrier.

*Muller,* 134 Ohio App.3d at 741-742, 732 N.E.2d 410. This court further acknowledged that

> "in order for R.C. 2943.031 advisements to apply, the record must affirmatively demonstrate that a defendant is not a citizen of the United States through affidavit or other documentation. *State v. Thomas* (Mar. 18, 1993), Cuyahoga App. Nos. 63719, 63720, unreported [1993 WL 76892]. This court has held further that there must be some showing of prejudicial effect caused by the trial court's failure to advise a defendant with respect to possible deportation before a motion to vacate a guilty plea will be granted. *State v. Guild* (Jan. 13, 1994), Cuyahoga App. No. 63407, unreported [1994 WL 11688]." *State v. Isleim* (Aug. 18, 1994), Cuyahoga App. No. 66201, unreported, 1994 WL 449387.

*Id*. at 742.

{¶ 13} Muller asserted that due to this conviction, he was facing possible deportation and that he was in this country under "nonimmigrant" status. He was given a voluntary departure date of May 20, 1998, but Muller did not submit any evidence of a deportation order. We found that Muller's situation "differs from earlier ones considered

by this court in that the absence of such deportation notice is not dispositive of lack of prejudice." *Id*. We stated:

> With Muller, * * * we encounter a person who has no legal right to remain in this country unless he changes his status from non-immigrant to immigrant. He entered his plea in July 1996 when domestic violence was not a basis for deportation. Amendments to the Section 1227, Title 8, U.S. Code, effective September 26, 1996, added domestic violence as a deportable offense for a legal immigrant. The effect of that offense on one seeking immigrant status is clearly prejudicial. Therefore, any failure by either judge to advise Muller on the subject of non-citizenship would be error.

*Id*. at 743.

{¶ 14} In the instant case, Roland was convicted of domestic violence and is subject to deportation. Just as in *Muller*, here, there is no transcript of any court proceedings and Roland claims no recordings were ever made. While the city asserted at oral argument that the matter proceeded to a bench trial, the scant record of the proceedings is in conflict as to what actually transpired. The signed domestic-violence-disposition form indicates that Roland pleaded not guilty and was found guilty. This form is in conflict with the electronic docket, which indicates that Roland pleaded "NC" or no contest and was then found guilty. Furthermore, there is no executed jury waiver form in the record, nor any indication that a trial was held.

{¶ 15} Roland stated in his affidavit that (1) he pleaded no contest to domestic violence, (2) there is no record of the proceedings, and (3) no one, including his attorney, informed him of the immigration advisories on R.C. 2943.031. "On this basis alone, we can reverse the trial court's judgment." *See State v. Joseph*, 7th Dist. No. 05-MA-82, 2006-Ohio-1057, 2006 WL 556836, ¶ 24 (where the Seventh District Court of Appeals

reversed the trial court's denial of appellant's motion to vacate his guilty plea because the court did not properly advise appellant of the consequences of deportation. The court found that the incomplete record, coupled with only a written advisement of deportation consequences does not satisfy the requirements of R.C. 2943.031).

{¶ 16} We are aware of this court's recent decision in *Cleveland v. Dobrowski*, 8th Dist. No. 96113, 2011-Ohio-6071, 2011 WL 5868014, but *Dobrowski* is distinguishable from the matter before us. In *Dobrowski*, the defendant appealed the

> trial court's denial of his motion to vacate guilty/no contest plea to a * * * charge of menacing. Dobrowski sought to vacate his plea due to the effect the conviction has on his immigration status. He complain[ed] that the plea was entered without counsel or waiver of counsel, and was constitutionally invalid since it was not entered knowingly and intelligently.

*Id*. at ¶ 2.

{¶ 17} The majority found that Dobrowski failed to raise the issue of lack of counsel before the trial court because his affidavit merely stated that he was not told by an attorney or judge about the effect of his plea on his immigration status, it did not allege that he was unrepresented. *Id*. at ¶ 7. The majority explained:

> "Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima facie showing of constitutional infirmity. Once a prima facie showing is made that a prior conviction was uncounseled, the burden shifts to the state to prove that there was no constitutional infirmity." *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶11, citing *State v. Brandon* (1989), 45 Ohio St.3d 85, 543 N.E.2d 501. To establish a prima facie case, a defendant can present an affidavit, testimony, or other evidence to support his or her argument. *State v. Putich*, 8th Dist. No. 89005, 2008-Ohio-681, [2008 WL 451866], ¶20; *State v. Jackman*, 8th Dist. No. 89835, 2008-Ohio-1944, [2008 WL 1822391], ¶ 15.

*Id*. at ¶ 10.

**{¶ 18}** Whereas, in the instant case, the inconsistencies in the record prevent us from presuming regularity. Here, there is conflict as to whether the matter proceeded to a bench trial or whether Roland entered a no-contest plea.

**{¶ 19}** Thus, we find that these inconsistencies, coupled with Roland's affidavit and the incomplete record, require that the trial court's judgment be reversed. In the absence of a record that demonstrates that the court provided the deportation advisement when it was required to do so, we are to presume that the defendant did not receive the advisement. *See* R.C. 2943.031(E).

**{¶ 20}** Accordingly, the sole assignment of error is sustained.

**{¶ 21}** The judgment is reversed, and the cause is remanded for further proceedings.

Judgment reversed

and cause remanded.

BLACKMON, A.J., and GALLAGHER, J., concur.