[Cite as *Cleveland v. Jones*, 2014-Ohio-4201.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100598**

---

## CITY OF CLEVELAND

PLAINTIFF-APPELLANT

vs.

## TROUSSAINT D. JONES

DEFENDANT-APPELLEE

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2013 TRC 034882

**BEFORE:** Rocco, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 25, 2014

**ATTORNEYS FOR APPELLANT**

Barbara A. Langhenry
Director of Law
Victor R. Perez
Chief Prosecutor

By:   Bridget E. Hopp
         Connor P. Nathanson
Assistant City Prosecutors
1200 Ontario Street, 8th Floor
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

By:   Cullen Sweeney
Assistant County Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

**{¶1}** Plaintiff-appellant the city of Cleveland appeals from the order entered in Cleveland Municipal Court that found defendant-appellee Troussaint Jones guilty of violating Cleveland Codified Ordinance ("CCO") 433.011, physical control.

**{¶2}** The city presents one assignment of error, arguing that the municipal court improperly amended the charge against Jones. This court agrees. Consequently, the city's assignment of error is sustained, and the municipal court's order is reversed. This case is remanded for further proceedings consistent with this opinion.

**{¶3}** Jones received a traffic ticket from an Ohio state trooper on June 15, 2013. The ticket alleged that Jones had been traveling on I-480 at 4:27 a.m. and appeared to be operating his vehicle while intoxicated ("OVI"), having had one prior OVI, had drifted over "marked lanes," and had operated his vehicle with a suspended driver's license ("DUS"). The trooper cited Jones with violating four state laws, viz., R.C. 4511.19(A)(1)(a) and (A)(2), 4510.037(J), and 4511.33.

**{¶4}** Jones pleaded not guilty in the municipal court and the case went through several pretrial hearings. On October 10, 2013, the judge called the case for, apparently, a second plea hearing.

**{¶5}** According to the transcript, the prosecutor addressed the court by stating that, at the previous hearing, "[T]here was a resolution," but that "[t]he Court would not accept it without the trooper being present." The judge asked Jones if this was his "second

DUI," and Jones responded affirmatively. The judge then turned to the trooper to inquire if he had "any additional information on this?"

{¶6} The trooper told the judge that, at the outset of the traffic stop, Jones was "immediately, verbally combative" and "aggressive" toward him. Before the trooper could provide any further details, the judge turned to Jones and stated, "You said you had not been drinking, right?"

{¶7} Jones answered, "Right." The judge turned back to the trooper and asked if he noticed "more" Jones's combativeness or "a smell of alcohol?" The trooper answered that he observed "definite signs of impairment," although Jones denied drinking.

{¶8} The prosecutor jumped into the conversation to state that a review of the "paperwork" indicated Jones had failed an HGN test, but that the trooper had been unable to conduct field sobriety tests, although he did note "a smell of alcohol." The trooper explained that the location of the stop and Jones's attitude did not permit administration of the field sobriety tests.

{¶9} The judge asserted, "[Jones] said he was angry." After Jones concurred, the judge continued, "There is a difference between intoxicated and angry, and *that's why I didn't accept the plea * * * ."* (Emphasis added.)

{¶10} The judge also asked Jones where he was coming from, and, after Jones explained and his attorney conceded that Jones had "argued with the officer from the time the officer pulled him over," the trooper interjected that his review of the video showed Jones lost his balance on the walk and turn test and then restarted arguing. Jones denied

that he had even begun the test. The trooper urged the court to "review the video." Jones, however, stated, "I never did it." Jones claimed he swerved because he had been reaching for his cell phone; he stated, "I wasn't drunk at all."

{¶11} Once again, the judge engaged Jones in conversation, then, once again, hinted that the trooper had arrested Jones because of his combativeness. Before the trooper could give a complete reply to this suggestion, the judge stated she could "understand the combativeness" because "there is a sense of [....], you know, *I live in the inner city. I get policed all the time - - I'm training my son.*" (Emphasis added.) The judge indicated that when "people [came] before [her], [she] want[ed] to look beyond whatever their attitude is to try to look at, you know, the underlying factors."

{¶12} When the prosecutor pointed out that Jones should not have been driving in any event with a suspended license, the judge permitted Jones to explain that he "didn't know" his license was still suspended; he thought the suspension had expired. The record reflects that, at this point, the prosecutor handed the judge the LEADS printout the trooper obtained on Jones. The judge, however, did not invite the prosecutor to offer this document into evidence.

{¶13} As the court reviewed the document, the trooper attempted to justify his conclusion that Jones was driving as if he were impaired and that the trooper "smelled the odor of alcohol" and observed "glassy, bloodshot eyes."

{¶14} According to the transcript, two "discussions" occurred "off the record." Afterward, the judge asked Jones,

THE COURT: You said you were at your grandmother's?

THE DEFENDANT: Yeah.

**{¶15}** Then the judge stated,

THE COURT: We're going to hold you accountable for some of the stuff.   Let's call it back, but you have got to understand too, you know, you have got to conduct yourself in a certain way.    You can't come out here and go ape.   You get nothing when you do that.   * * *

Have a seat.   Let me figure this out.

**{¶16}** After another pause, proceedings recommenced.   Jones apologized to the trooper.   The judge thereupon stated,

THE COURT: So there's two ways we could go about this, you could either enter a no contest plea and stipulate to the facts, and we could do a finding.   I'm inclined to, *as we talked on the side, he's totally responsible for both of the charges but one, I'm going to give him the benefit of the doubt, however you want to do it.*

(Emphasis added.)

**{¶17}** The prosecutor stated that the city was unwilling to make any reductions, given Jones's prior OVI conviction.   Defense counsel at that point claimed that Jones would change his plea to no contest.   The judge stated,

THE COURT: Okay.   In regards to this, the facts have already been submitted.   In regards to the driving in the marked lines [sic], there would be a finding of guilty.   On the driving under 12 point suspension, it's guilty.   On the distinction between the two - -

[THE PROSECUTOR]: Judge, the first, one of the charges is just your basic OVI, the second charge is an OVI, OVI refusal with a prior within 20 years under the state code.

* * *

THE COURT: That's going to be a finding of not guilty. And then is there a Physical Control under the revised code, Ohio Revised Code?

**{¶18}** The prosecutor answered affirmatively, section "4511.194." The judge simply proceeded to tell Jones that he would be required to attend programs for dealing with police officers and would "get six points on [his] license." The court stated,

THE COURT: * * * So, in essence, it's *almost the same facts*, but at least this probably more resembles and finds *a balance of what happened*. There's no question whether you were driving on the marked lines, you said you dropped your cell phone.

(Emphasis added.)

**{¶19}** Because Jones's license had been suspended already, the judge was "not inclined" to impose any further suspension. The following exchange occurred at that point.

[THE PROSECUTOR]: I'm sorry, just to be clear, on count 1, you found him not guilty and on count 2, you found him guilty of the Physical Control?

THE COURT: Count 1, is the physical control, *I make the notation that prosecutor amended that*, based upon the facts, the Court finds the defendant guilty of Physical Control, it's not as though you are amending it.

[THE PROSECUTOR]: No, to be clear, *the city did not amend count 1 to Physical Control.*

THE COURT: *That's what I'm writing on the journal.*

[THE PROSECUTOR]: Thank you. And then count 2 was a finding of not guilty.

THE COURT: Right. And count 3 and 4 are both findings of guilty.

(Emphasis added.)

**{¶20}** After some additional discussion about the points Jones would receive on his license, the trial court pronounced sentence on the charges.

**{¶21}** The court, however, despite its assurance to the prosecutor to the contrary, noted on its journal that the city amended the first charge to a violation of CCO "433.011."

**{¶22}** This court has permitted the city to appeal from the foregoing judgment. The city presents one assignment of error, which states:

> I. The trial court abused its discretion by reducing a charge of DUI to physical control over the prosecutor's objection.

**{¶23}** The city argues that the municipal court violated Crim.R. 7(D) when it amended Count 1 from a violation of R.C. 4511.19(A)(1)(a) to a violation of CCO 433.011.

**{¶24}** Jones's response to the argument is that the city may not appeal the judgment because the municipal court stated that it found him guilty of violating CCO 433.011 based upon a "recitation of the facts." Jones asserts that further prosecution on Count 1 is barred by the Double Jeopardy Clause. Under the unique circumstances of this case, this court disagrees. *State v. Broughton*, 62 Ohio St.3d 253, 262-263, 581 N.E.2d 541 (1991), fn. 13, quoting *State v. Malinovsky*, 60 Ohio St.3d 20, 23, 573 N.E.2d 22, 26 ([*United States v.*] "*Scott* [437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1982)] ultimately held that retrial is permissible after the guarantee against double jeopardy has attached where the defendant has sought a termination of the proceedings on grounds other than the state's failure of proof").

**{¶25}** In this case, when his attorney claimed Jones would plead "no contest" to "physical control," he thereby sought a termination of the proceedings against his client on grounds other than the city's failure of proof. The municipal court accepted this claim without actually adducing any evidence, despite its notation on the docket that the finding was "based upon the facts."

**{¶26}** In addition, although it is axiomatic that the court "speaks through its journal," this court has noted that this axiom has a caveat: when the "record of the proceedings [and the docket] are in conflict as to what actually transpired," this court cannot presume regularity. *Cleveland Hts. v. Roland*, 197 Ohio App.3d 661, 2012-Ohio-170, ¶ 18, 968 N.E.2d 564, (8th Dist.). Under such circumstances, the judgment must be reversed and the matter remanded. *Id.* at ¶ 19.

**{¶27}** This case fits within the exception set forth in *Roland*. The municipal court "accepted" Jones's no contest plea without ever having complied with Traf.R. 10, in spite of the fact that the Ohio Supreme Court has held that a trial court's acceptance of a defendant's plea to a petty misdemeanor traffic offense is governed by that rule. *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, at the syllabus. Traf.R. 10(D) provides:

> In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and *shall not accept such pleas* without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty. This information may be presented by general orientation or pronouncement.

(Emphasis added.)

**{¶28}** A trial court complies with Traf.R. 10(D) "by informing the defendant of the information contained in Traf.R. 10(B)." *Watkins*, at the syllabus. Traf.R. 10(B) states:

**(B) Effect of guilty or no contest pleas**

With reference to the offense or offenses to which the plea is entered:

* * *

(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

**{¶29}** A review of the transcript in this case demonstrates the municipal court complied with none of its Traf.R. 10 duties. Therefore, Jones's "plea," which was entered only by his attorney and without any compliance with Traf.R. 10, was infirm. Moreover, despite the municipal court's assurance to the city that the docket would reflect that the amendment would be made over the city's objection, the docket does not so reflect.

**{¶30}** In this case, the city is challenging a purely legal issue, i.e., the court's authority to amend the charge over the prosecution's objection. *Akron v. Shuman*, 9th Dist. Summit No. 18851, 1998 Ohio App. LEXIS 2472 (May 27, 1998); *compare State v. Tinsley*, 8th Dist. Cuyahoga Nos. 92335 and 92339, 2010-Ohio-2083, ¶ 37. The municipal court lacked that authority.

**{¶31}** Crim.R. 7(D) provides in pertinent part:

The court may at any time before, during, or after a trial amend the * * * complaint * * * , in respect to any defect, imperfection, or omission in form or substance, or of any

variance with the evidence, provided no change is made in the name or identity of the crime charged. * * *

**{¶32}** Jones was charged in this case with violating R.C. 4511.19(A)(1)(a), OVI. The docket reflects the municipal court found Jones "guilty" of violating CCO 433.011, physical control. Obviously, the court changed "the name or identity of the crime" in contravention of Crim.R. 7(D). *Akron v. Jaramillo*, 97 Ohio App.3d 51, 646 N.E.2d 212 (9th Dist.1994), cited with approval in *Cleveland Hts. v. Pearson*, 8th Dist. Cuyahoga No. 72859, 1998 Ohio App. LEXIS 118 (Jan. 15, 1998), *State v. Jackson*, 78 Ohio App.3d 479, 482, 605 N.E.2d 426 (2d Dist.1992), *compare Lakewood v. Sheeran*, 8th Dist. Cuyahoga No. 68728, 1997 Ohio App. LEXIS 576 (Feb. 20, 1997).

**{¶33}** In *Akron v. Robertson*, 118 Ohio App.3d 241, 242, 692 N.E.2d 641 (9th Dist.1997), the court noted:

> Crim.R. 7(D), while permitting some changes to a criminal complaint at any time before, during or after trial, "flatly forbids the court to change the name or identity of the crime charged." *Akron v. Jaramillo* (1994), 97 Ohio App.3d 51, 53, 646 N.E.2d 212. As this court previously held in *Jaramillo*, a *trial court has no discretion to amend a complaint over the state's objection if the amendment changes the name or identity of the crime.* In the present case the crime originally charged, possession of marijuana, a drug offense, is completely different in nature from the amended charge, disorderly conduct, an offense against the public peace: the underlying elements of the two crimes are different.

> The trial court must not forget the state, as the complainant, is "entitled to its day in court." *Id.* (citation omitted.) By amending the charge against Robertson, the lower court deprived the state of a fair trial. Although Robertson may have presented the court with facts seemingly mitigating his culpability, "*the place to take into account facts that have occurred outside the crime, in order to accord the accused some broader sense of justice, is* in the sentencing procedure *after the controversy has been fairly and impartially determined, not in the process whereby the controversy is determined.*" *Id.* at 54. (Citation omitted.) The state should not in such a manner be deprived of the opportunity to prove its case.

(Emphasis added.)

**{¶34}** Similarly to the situation presented in *Robertson*, the record of this case reflects that the municipal court did not provide a fair and impartial process "whereby the controversy [was] determined." The municipal court conducted neither a trial nor a proper plea hearing. In her effort to come to "a balance of what happened," the judge simply took it upon herself to provide Jones with an unrelated municipal code section as a way for the court to resolve his case.

**{¶35}** As the court observed in *N. Ridgeville v. Harris*, 9th Dist. Lorain No. 03CA008287, 2004-Ohio-957, ¶ 7:

> When a statute is unrelated to a DUI charge under R.C. 4511.19, changing a DUI charge to a charge under that statute is a change in the name and identity of the offense. See *Middletown v. Blevins* (1987), 35 Ohio App.3d 65, 66-67, 519 N.E.2d 846. In the instant case, the trial court impermissibly changed the name and identity of the crime charged when it amended the DUI to a charge of disorderly conduct over the City's objection. The disorderly conduct statute, by its own language, does not reach the question of operating a motor vehicle under impairment.

**{¶36}** So, too, does the municipal court's decision to amend the charge against Jones from a violation of R.C. 4511.19(A)(1)(a) to a charge of violating CCO 433.011, physical control, fail to "reach the question of operating a motor vehicle under impairment."

**{¶37}** Because the municipal court erred in all these particulars, the city's assignment of error is sustained. The municipal court's order is reversed, and this case is remanded for further proceedings consistent with this opinion.

**{¶38}** Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

SEAN C. GALLAGHER, J., CONCURS
(See attached opinion.)
LARRY A. JONES, SR., P.J., DISSENTS
(See attached opinion.)

SEAN C. GALLAGHER, J., CONCURRING:

{¶39} I concur with Judge Rocco's judgment, but write separately to address the question of what happens next.

{¶40} First, I would note one exception to Judge Rocco's findings. I do not believe the journal entry demonstrates that the trial judge recorded the city as amending the charge on the journal entry contrary to what appears in the transcript. Rather, the entry states that "[b]ased upon facts court finds defendant guilty of phys control and 2 point violation of DUS."

{¶41} It appears that the court amended the charge under some flawed notion that a trial court has the authority to amend a charge sua sponte on its own solely on a no

contest plea offered through defense counsel. Simply put, the court was attempting to turn this OVI offense into a physical control violation where the court had no authority to do so.

{¶42} I see the proceedings in the lower court as being void. They are a nullity. Any findings or rulings related to the improper amendment, flawed plea, or the subsequent sentencing are void. Although not before us at this time, I do not believe jeopardy ever attached because no actual plea was entered by the defendant. Nevertheless, a double jeopardy argument will no doubt be an issue for another day.

{¶43} I would also like to address the prosecutor's right to appeal. Too often prosecutorial appeals on issues like this are dismissed because there is a view that they fail to satisfy R.C. 2945.67 or because double jeopardy is implicated. The Ohio legislature should review R.C. 2945.67 to permit appeals even where jeopardy has attached to ensure the judicial process is not being perverted as it was in this instance. Nevertheless, even if jeopardy were to attach, I believe this matter is a final appealable order because it is a controversy capable of reoccurring and evading review. *State v. Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644 (1990).

{¶44} Because the proceedings were fatally flawed, I agree with Judge Rocco that affirming the decision sends the wrong message. I would remand and allow the double jeopardy issue to be raised below.

LARRY A. JONES, SR., P.J., DISSENTING:

**{¶45}** Respectfully, I dissent. While I agree with the majority that the municipal court conducted an "infirm" plea hearing, I would find that we are bound to affirm the trial court's judgment because it was a final judgment that the city is precluded from appealing.

**{¶46}** The city's right to appeal in criminal cases is governed by R.C. 2945.67(A), which provides:

> A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief * * * , and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * * .

**{¶47}** "A court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed." *State v. Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644 (1990), syllabus. Although the city contends, and the majority agrees, that the city is challenging the "purely legal issue" of the trial court's sua sponte decision to amend the OVI charge to physical control in contravention of Crim.R. 7, the city is, in reality, challenging the final verdict. The city asks this court to reverse the trial court's judgment, i.e., the final verdict, and remand the case for a new trial. I do not believe we have the authority to do so.

**{¶48}** To support its position, the city cites *Akron v. Jaramillo*, 97 Ohio App.3d 51, 646 N.E.2d 212 (9th Dist.1994), and *N. Ridgeville v. Harris*, 9th Dist. Lorain No.

03CA008287, 2004-Ohio-957. But *Jaramillo* and *Harris* are distinguishable from this case because those courts amended the indictments before the defendants entered their pleas. Although, in this case, the court had some discussion with the city prosecutor about the city amending the charge from OVI to physical control, the prosecutor specifically stated, "the city did not amend count 1 to physical control." It was after Jones's attorney stated that Jones would change his plea to no contest that the court decided that "based upon the facts," it was finding Jones guilty of physical control. Therefore, Crim.R. 7(D) is inapplicable; the trial court found Jones guilty of physical control after Jones entered his plea. The court did not amend the charge prior to Jones's plea; therefore, I would find that the trial court did not violate Crim.R. 7(D).

**{¶49}** As the majority noted, the trial court made substantive errors when accepting Jones's plea. The majority proposes we vacate Jones's conviction and remand the case for further proceedings on the OVI charge. But even if the plea hearing was "infirm" and the trial court abused its discretion in finding Jones guilty of physical control, I believe we are constrained to affirm the decision of the trial court. The trial court rendered a final verdict and that verdict is unassailable because it is being appealed by the city.[1]

---

[1] My analysis would differ if it were Jones who appealed and claimed that the trial court did not comply with Traf.R. 10; a defendant can claim noncompliance with Traf.R. 10 on appeal. *See State v. Powell*, 7th Dist. Mahoning No. 05 MA 50, 2006-Ohio-3477 (finding that the trial court failed to inform defendant-appellant of the effect of his no contest plea in accordance with Traf.R. 10).

{¶50} This case is akin to *State ex rel. Sawyer v. O'Connor*, 54 Ohio St.2d 380, 377 N.E.2d 494 (1978). In *Sawyer*, the defendant pleaded no contest to driving under the influence ("DUI") but the trial court sua sponte reduced the charge to reckless operation of a vehicle. The *Sawyer* court found that the defendant was placed in jeopardy at the time the trial court exercised its discretion to accept a no contest plea. The court further determined that the trial court's finding of guilt of reckless operation constituted a finding of not guilty of the DUI. *Id.* at 382. For double jeopardy purpose, the circumstances would be no different had the trial court found the defendant "not guilty" of *any offense* after accepting his plea and, so far as the DUI charge was concerned, there had been a final determination of not guilty irrespective of whether the trial court grossly abused its discretion in arriving at its decision (because the evidence supported a guilty finding on the DUI). *Id.*

{¶51} Here, even though the trial court did not specifically state that it was finding Jones not guilty of the OVI charge in Count 1, because the court found him guilty of physical control, the court acquitted him of OVI. Consequently, because Jones was acquitted of OVI, he cannot be retried on that charge. Therefore, this court should affirm the trial court's decision irrespective of whether the trial court made errors in accepting his no contest plea. *See State v. Bouman*, 8th Dist. Cuyahoga No. 88021, 2007-Ohio-824, ¶ 12.

**{¶52}** Instead of reversing the trial court's judgment, I would remand for correction of the journal entry of conviction and docket as to Count 1 to remove any notation that the prosecution moved to amend the charge.

**{¶53}** For these reasons, I dissent.