[Cite as *State v. Faulkner*, 2019-Ohio-4549.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P .J. |
|     Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2019 CA 0035 |
| ROBERT FAULKNER | |
|     Defendant-Appellee | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No.  2018 CR 0393 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | November 4, 2019 |


APPEARANCES:

| For Plaintiff-Appellant | For Defendant-Appellee |
|---|---|
| GARY BISHOP<br>PROSECUTING ATTORNEY<br>JOSEPH C. SNYDER<br>ASSISTANT PROSECUTOR<br>38 South Park Street<br>Mansfield, Ohio  44902 | JAMES J. MAYER, III<br>34 South Park Street<br>Mansfield, Ohio  44902 |

*Wise, J.*

{¶1} Plaintiff-Appellant State of Ohio appeals the April 30, 2019, amendment to the indictment by the Richland County Court of Common Pleas.

*Facts and Procedural History*

{¶2} The relevant facts and procedural history are as follows:

{¶3} On May 21, 2018, Appellee Robert Faulkner was indicted with a two-count indictment. Both Counts charged Appellee with Aggravated Possession of Drugs, felonies of the fifth-degree, in violation of R.C. §2925.11(A) and (C)(1)(a).

{¶4} On June 28, 2018, Appellee was arraigned and retained counsel entered their appearance.

{¶5} On January 16, 2019, Appellee filed a Motion to Dismiss with the State filing a reply on February 12, 2019. Appellee's brief argued that the indictment was invalid due to the assertion that THC could not be prosecuted as a Schedule I controlled substance when paired with CBD oil.

{¶6} On April 17, 2019, a hearing was held on the motion. At the hearing, the parties stipulated that Count Two should be a minor misdemeanor. The substance at issue is CBD oil and THC.

{¶7} At the hearing, Appellee argued that Count One should also be a minor misdemeanor and that because of this, it should be dismissed. The State argued that R.C. §3719.41(C)(27) lists Delta-9-Tetrahydrocannabinol as a Schedule I controlled substance, which was present in the substance in question.

**{¶8}** On April 30, 2019, the trial court, over the State's objection, amended Count One to a minor misdemeanor under R.C. §2925.11(A) and (C)(3)(a). The trial court then ordered this case be transferred to Mansfield Municipal Court.

**{¶9}** The State of Ohio now appeals, assigning the following error for review:

*Assignment of Error*

**{¶10}** "I. THE TRIAL COURT ERRED IN SUA SPONTE AMENDING COUNT ONE OF THE INDICTMENT."

I.

**{¶11}** The state of Ohio argues that the trial court erred in *sua sponte* amending count one of the indictment. We agree.

**{¶12}** Here, the State is challenging a purely legal issue, i.e., the court's authority to amend the charge over the prosecution's objection. *Akron v. Shuman,* 9th Dist. Summit No. 18851, 1998 Ohio App. LEXIS 2472, 1998 WL 281360 (May 27, 1998).

**{¶13}** Crim.R. 7(D) provides in pertinent part:

The court may at any time before, during, or after a trial amend the *** complaint ***, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. ***

**{¶14}** Appellee in this case was charged with violating R.C. §2925.11(A) and (C)(1)(a), Aggravated Possession of Drugs, a fifth degree felony. The trial court amended the charge to R.C. §2925.11(A) and C(3)(a), Possession of Marijuana, a minor misdemeanor.

**{¶15}** The trial court clearly changed "the name or identity of the crime" in contravention of Crim.R. 7(D). *Akron v. Jaramillo,* 97 Ohio App.3d 51, 646 N.E.2d 212 (9th Dist.1994), cited with approval in *Cleveland Hts. v. Pearson,* 8th Dist. Cuyahoga No. 72859, 1998 Ohio App. LEXIS 118, 1998 WL 12335 (Jan. 15, 1998), *State v. Jackson,* 78 Ohio App.3d 479, 482, 605 N.E.2d 426 (2d Dist.1992), *compare Lakewood v. Sheeran,* 8th Dist. Cuyahoga No. 68728, 1997 Ohio App. LEXIS 576, 1997 WL 72144 (Feb. 20, 1997).

**{¶16}** In *Akron v. Robertson,* 118 Ohio App.3d 241, 242, 692 N.E.2d 641 (9th Dist.1997), the court noted:

> Crim.R. 7(D), while permitting some changes to a criminal complaint at any time before, during or after trial, "flatly forbids the court to change the name or identity of the crime charged." *Akron v. Jaramillo* (1994), 97 Ohio App.3d 51, 53, 646 N.E.2d 212. As this Court previously held in *Jaramillo,* a *trial court has no discretion to amend a complaint over the state's objection if the amendment changes the name or identity of the crime.* In the present case the crime originally charged, possession of marijuana, a drug offense, is completely different in nature from the amended charge, disorderly conduct, an offense against the public peace: the underlying elements of the two crimes are different.

> The trial court must not forget the state, as the complainant, is "entitled to its day in court." *Id.* (citation omitted.) By amending the charge against Robertson, the lower court deprived the state of a fair trial. Although *Robertson* may have presented the court with facts seemingly mitigating his

culpability, "*the place to take into account facts that have occurred outside the crime, in order to accord the accused some broader sense of justice, is* in the sentencing procedure *after the controversy has been fairly and impartially determined, not in the process whereby the controversy is determined.*" *Id.* at 54, 692 N.E.2d 641. (Citation omitted.) The state should not in such a manner be deprived of the opportunity to prove its case. (Emphasis added.)

{¶17}  Upon review, we find the trial court erred in amending the indictment in this matter as it was without authority to do so.

{¶18}  The state's sole assignment of error is sustained.

{¶19}  The judgment of the Court of Common Pleas, Richland County, Ohio, is reversed and this matter is remanded for further proceeding consistent with the law and this opinion.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/d 1028