[Cite as *Cleveland v. Jones*, 2017-Ohio-7320.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 104965

---

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## TROUSSAINT JONES

DEFENDANT-APPELLANT

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2013 TRC 034882

**BEFORE:** Boyle, J., E.A. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** August 24, 2017

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
BY:   David Martin King
          John T. Martin
          Cullen Sweeney
Assistant Public Defenders
310 Lakeside Avenue, Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law
BY:   Bridget E. Hopp
Assistant City Prosecutor
City of Cleveland
1200 Ontario Street
Justice Center, 8th Floor
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Troussaint Jones, appeals from a judgment of the Cleveland Municipal Court denying his motion to dismiss charges pending against him on the grounds that any further proceeding would violate the double jeopardy protections guaranteed to him by the United States and Ohio Constitutions. He raises one assignment of error for our review:

> The trial court erred and violated Troussaint Jones's state and federal constitutional protections against double jeopardy when it denied Jones's motion to dismiss and permitted the city to subject Troussaint Jones to a second prosecution for the same offenses to which he pled no contest three years earlier.

{¶2} For the reasons that follow, we agree with Jones that any further criminal prosecution in this matter offends the principles of double jeopardy. Accordingly, we reverse the trial court's judgment and remand with instructions. **I. Procedural History and Factual Background**

{¶3} On the afternoon of June 15, 2013, Ohio State Highway Patrol Trooper Jason Turner pulled Jones over after observing him swerve across marked lanes. Noticing signs of impairment in Jones, Trooper Turner attempted to conduct field sobriety tests but was unable to proceed due to Jones's combativeness. The trooper cited Jones with violating four state laws: R.C. 4511.19(A)(1)(a) (driving while intoxicated) and (A)(2) (driving while intoxicated with a prior OVI within the past 20 years and refusal to submit to chemical tests), 4510.037(J) (driving with a 12-point suspended license), and 4511.33 (driving over "marked lanes").

{¶4} The case proceeded through a series of pretrials that eventually ended in Jones's defense attorney entering a plea of no contest for Jones to the charges. The court, sua sponte and over the city prosecutor's objection, amended the OVI violation of R.C. 4511.19(A)(1)(a) to a violation of Cleveland Codified Ordinances ("CCO") 433.011, which prohibits a person from being in physical control of a vehicle while impaired. Further, the court found Jones not guilty of OVI in violation of R.C. 4511.19(A)(2), but found him guilty of driving under a suspended license ("DUS") and driving over marked lanes ("marked lanes").

{¶5} The court sentenced Jones to pay a fine and spend 60 days in jail with 55 days suspended. The court further ordered Jones to attend programs and meetings related to drug and alcohol abuse, and placed him on one year of active probation. Jones completed his sentence as ordered.

{¶6} The city sought and obtained leave from this court to appeal the trial court's decision. On appeal, the city raised one assignment of error: that the trial court abused its discretion by reducing a charge of OVI to physical control over the prosecutor's objection. In a plurality opinion, this court agreed. With two concurrences and one dissent, the court's controlling opinion reversed Jones's physical control conviction and remanded the cause to the trial court. *See Cleveland v. Jones*, 8th Dist. Cuyahoga No. 100598, 2014-Ohio-4201.

{¶7} Immediately after we released our decision, Jones filed motions for reconsideration and for en banc review, primarily arguing that any remand would violate

double jeopardy and that the panel's decision was in conflict with other decisions of this court. We denied both motions in succession. Much like the opinion in the direct appeal, the motion for reconsideration showed a split in reasoning among the judges, with the same judges concurring, although for separate reasons, and one dissenting.

{¶8} Further, in the journal entry denying en banc consideration, 11 of the 12 appellate judges on this court agreed that the decision on direct appeal had no majority opinion in light of the fact that each panel member performed a different analysis of the issues and reached different conclusions. We also noted that the decision contained "no consensus about the basis of the court's jurisdiction or whether double jeopardy would bar further prosecution," and was, therefore, not in conflict with other decisions of the court. All three judges on the panel in the direct appeal concurred with the majority opinion and analysis in the en banc denial.

{¶9} The Ohio Supreme Court accepted jurisdiction on further appeal by Jones, set a briefing schedule on the issue of whether the court had jurisdiction to accept the appeal, and held oral arguments on the case. But before issuing an opinion, the Supreme Court, sua sponte, dismissed the appeal as having been improvidently accepted. In doing so, the court stated that "the opinion of the court of appeals may not be cited as authority except by the parties inter se." *Cleveland v. Jones*, 146 Ohio St.3d 218, 2016-Ohio-2914, 54 N.E.3d 1215, ¶ 2.

{¶10} After the Supreme Court dismissed Jones's appeal, the case returned to the Cleveland Municipal Court by way of this court's original remand order. Once there,

the case was reassigned to a different judge after the original trial judge recused herself from the case. Jones promptly filed a motion to dismiss the charges on the grounds that they violated double jeopardy. The trial court's denial of that motion is the subject of the present appeal.

## II. Double Jeopardy Analysis

{¶11} The denial of a motion to dismiss on double jeopardy grounds is a final appealable order subject to immediate appellate review. *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, ¶ 26. Appellate courts review the denial of a motion to dismiss on the grounds of double jeopardy de novo. *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 16.

{¶12} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution protect a defendant from being twice put in jeopardy for the same offense. *In re A.G.*, 148 Ohio St.3d 118, 2016-Ohio-3306, 69 N.E.3d 646, ¶ 8. As the United States and Ohio Supreme Courts acknowledge:

> [T]he Double Jeopardy Clause protects against three abuses: (1) "a second prosecution for the same offense after acquittal,"(2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

*In re A.G.* at ¶ 8, citing *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892.

{¶13} Whether a further prosecution violates the principles of double jeopardy depends on whether jeopardy attached in the prior proceeding. "Jeopardy 'attaches,' so

as to preclude subsequent criminal proceedings, at different points in time depending on the nature of the proceeding in question." *State v. Gustafson*, 76 Ohio St.3d 425, 435, 668 N.E.2d 435 (1996).

{¶14} Where a trial court "exercises its discretion to accept a no contest plea," a defendant is placed in jeopardy at that moment. *State ex rel. Sawyer v. O'Connor*, 54 Ohio St.2d 380, 382, 377 N.E.2d 494 (1978); *see also State ex rel. Leis v. Gusweiler*, 65 Ohio St.2d 60, 418 N.E.2d 397 (1981). This is true "irrespective of whether, in arriving at that determination, the trial court grossly abused its discretion or erroneously" applied "the law or facts in arriving at its verdict." *Sawyer* at 382-383.

{¶15} Jones contends that another prosecution in this case would violate the Double Jeopardy Clause's protection against successive prosecutions because he was "acquitted on some charges, convicted and sentenced on others, and served his entire sentence." He maintains that "[t]he instant case violates all three components of the Double Jeopardy Clause." We agree.

{¶16} It is important to note that this decision, as well as the decision on direct appeal, can and should have no effect whatsoever on Jones's DUS and marked lanes convictions, or on his acquittal of OVI in violation of R.C. 4511.19(A)(2). On direct appeal, the state did not raise any assignments of error with regard to the acquittal and convictions on those counts. Accordingly, this court's remand order only applied to the OVI charge in violation of R.C. 4511.19(A)(1)(a). Any attempt to reprosecute the other charges is, without question, a violation of Jones's rights under the Double Jeopardy

Clause because jeopardy attached to those unappealed verdicts. Accordingly, to the extent that they are still pending on the charging document, those charges must be dismissed.

{¶17} With regard to the improperly amended OVI charge — double jeopardy bars further prosecution as well. The record reflects that Jones, by and through his attorney, entered a "no contest" plea to all of the charges contained in the original indictment. The court did not amend the charge until after taking the plea and hearing the facts, at which point the court found him guilty of the amended charge of physical control. By amending the charge, the court implicitly found Jones not guilty of OVI in violation of R.C. 4511.19(A)(1)(a), a fact also reflected by the court's express acquittal of Jones on the OVI in violation of R.C. 4511.19(A)(2), which penalizes having a prior OVI within the previous 20 years. The court would have necessarily found it difficult to acquit on R.C. 4511.19(A)(2), if it had not first acquitted on the R.C. 4511.19(A)(1)(a) — a predicate offense to a finding of guilt under (A)(2). Accordingly, double jeopardy attached by way of acquittal on OVI in violation of R.C. 4511.19(A)(1)(a).

{¶18} We recognize that at first glace our rationale may appear to be in conflict with the controlling and concurring opinions in our decision in *Jones*, 8th Dist. Cuyahoga No. 100598, 2014-Ohio-4201. But it is not.

{¶19} The controlling and concurring opinions on direct appeal show no consensus among the panel as to why the physical control conviction should be reversed and the cause remanded, and there was also no consensus on whether double jeopardy would bar

further prosecution. This is a fact that the panel members themselves acknowledged in the denial of en banc consideration. Although the panel's controlling opinion noted that the trial court's noncompliance with Traf.R. 10 rendered Jones's plea "infirm," this was only one of multiple considerations leading to the ultimate conclusion that the court had abused its discretion by amending an OVI to physical control. *See id.* at ¶ 37. Only the concurring opinion found the plea and subsequent verdict "void" for noncompliance with Traf.R. 10. To put it simply, the only thing that the lead opinion and the concurring opinion agreed on, was the result that the judgment of the trial court should be reversed.

{¶20} Accordingly, we reverse the decision of the trial court denying Jones's motion to dismiss the charge. On remand, the trial court is instructed to dismiss the charge and further correct its journal entry on the finding of guilt on the physical control charge. This correction should reflect the panel's decision on direct appeal that was to reverse the conviction. Further, the trial court must enter an acquittal on the OVI charge in violation of R.C. 4511.19(A)(1)(a) to reflect the original trial judge's acquittal on that count.

{¶21} The judgment is reversed and remanded with instructions to follow the directives of this decision.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR