[Cite as *Cleveland v. McCall*, 2018-Ohio-4330.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 106397

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**ANTON McCALL**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2016 TRC 014624

**BEFORE:** Boyle, J., Stewart, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 25, 2018

**ATTORNEY FOR APPELLANT**

Paul A. Mancino, Jr.
Mancino Mancino & Mancino
75 Public Square Building, Suite 1016
Cleveland, Ohio   44113-2098


**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
Director of Law
City of Cleveland
BY:   Katherine Keefer
Assistant City Prosecutor
1200 Ontario Street
Cleveland, Ohio   44113


MARY J. BOYLE, J.:

**{¶1}** Defendant-appellant, Anton McCall, appeals his operating a vehicle while under the influence ("OVI") conviction.   He raises two assignments of error for our review:

> 1. Defendant was denied due process of law when the court overruled his motion to dismiss based on double jeopardy.

> 2. Defendant was denied due process of law when the court improperly accepted a no-contest plea without an explanation of the facts and circumstances.

**{¶2}** Finding merit to his second assignment of error, we vacate McCall's plea and instruct the trial court to issue a judgment reflecting that McCall is acquitted and discharged.

## I. Procedural History and Factual Background

**{¶3}** In April 2016, McCall was cited for OVI, speeding, driving without a seatbelt, drug possession, and drug abuse.   In July 2016, McCall entered a plea of no contest to OVI in violation of R.C. 4511.19(A)(1)(a), and the remaining charges were dismissed.   The trial court sentenced McCall to 180 days in jail with 150 days suspended, a $1,625 fine with $625

suspended, five years of active probation, a four-year driver's license suspension from April 19, 2016, to April 19, 2020, random substance abuse testing, assessment, counseling, attend five Mother Against Drunk Driving meetings, attend an Alcoholics Anonymous meeting two times per week for one year, obtain a sponsor, and court costs.

**{¶4}** McCall appealed, arguing in relevant part that he was denied due process of law when the court failed to explain the effect of his no contest plea. *See State v. McCall*, 8th Dist. Cuyahoga No. 105310, 2017-Ohio-2863. This court agreed, vacated his plea, and remanded for further proceedings. *Id*. at ¶ 7-8.

**{¶5}** Upon remand, McCall moved to dismiss his case due to double jeopardy violations. The trial court denied his motion. The following took place at the new plea hearing.

**{¶6}** The city informed the trial court that the parties had reached an agreement. The city stated that it was its understanding that "it will be a plea of no contest with a consent to a finding of guilt to the charge as listed, the OVI."

**{¶7}** The trial court discussed McCall's previous OVI conviction from September 2015, and it explained the maximum penalty that McCall could face by pleading no contest. The trial court then stated:

> In addition, sir, by entering this plea of no contest, you understand that you are not saying that you are guilty as relates to the no contest plea, but it is an admission of guilt to the citation or the complaint against you; and this no contest plea may not be used against you in a subsequent criminal or civil proceeding.

**{¶8}** Subsequently, the trial court accepted McCall's no contest plea and found him guilty of OVI.

**{¶9}** The trial court imposed essentially the same sentence as it had originally imposed which, besides probation, McCall had already completed. The court stated that probation would be active from September 19, 2017, to August 16, 2021. It is from this judgment that McCall appeals.

## II. Double Jeopardy

**{¶10}** In his first assignment of error, McCall contends that double jeopardy bars him from further prosecution.

**{¶11}** In support of his argument, McCall cites to *Cleveland v. Jones*, 8th Dist. Cuyahoga No. 104965, 2017-Ohio-7320. After review, we find *Jones* to be inapplicable to the present case. In *Jones*, the defendant pleaded no contest to OVI under R.C. 4511.19(A)(1)(a) (driving while intoxicated) and 4511.19(A)(2) (driving while intoxicated with a prior OVI within the past 20 years and refusal to submit to chemical tests), driving under a suspended license, and driving over marked lanes. At the plea hearing, however, the trial court sua sponte amended the OVI charge under R.C. 4511.19(A)(1)(a) to physical control of a vehicle while impaired and found him guilty of that charge and then found him not guilty of OVI under R.C. 4511.19(A)(2). The trial court also found him guilty of driving under a suspended license and driving over marked lanes.

**{¶12}** The city appealed in *Jones*, arguing that the trial court abused its discretion by reducing the OVI charge over the prosecutor's objection. *See Cleveland v. Jones*, 8th Dist. Cuyahoga No. 100598, 2014-Ohio-4201. This court agreed. We reversed the defendant's physical control conviction and remanded the cause to the trial court. *Jones*, 2017-Ohio-7320, at ¶ 6, citing *Jones*, 2014-Ohio-4201.

**{¶13}** After this court denied Jones's motion for reconsideration and en banc, Jones appealed to the Ohio Supreme Court, which accepted jurisdiction. *See Cleveland v. Jones*, 143 Ohio St.3d 1440, 2015-Ohio-3427. After oral arguments on the case, the Supreme Court sua sponte dismissed the appeal as having been improvidently accepted. In doing so, the court stated that "the opinion of the court of appeals may not be cited as authority except by the parties inter se." *Jones*, 8th Dist. Cuyahoga No. 104965, 2017-Ohio-7320, at ¶ 9, citing *Cleveland v. Jones*, 146 Ohio St.3d 218, 2016-Ohio-2914, 54 N.E.3d 1215, ¶ 2.

**{¶14}** After the Supreme Court dismissed Jones's appeal, the case returned to the Cleveland Municipal Court by way of this court's original remand order. Once there, the case was reassigned to a different judge after the original trial judge recused herself from the case. Jones promptly filed a motion to dismiss the charges on the grounds that they violated double jeopardy. The trial court denied Jones's motion, which Jones then appealed. This court agreed with Jones that double jeopardy barred the city from further prosecuting him. *Jones*, 8th Dist. Cuyahoga No. 104965, 2017-Ohio-7320, at ¶ 17. But notably in *Jones*, the trial court had implicitly found Jones not guilty of the OVI charge in violation of R.C. 4511.19(A)(1)(a) when it found him guilty of the amended charge of physical control. *Id*. Thus, upon remand, double jeopardy attached. *Id*.

**{¶15}** Here, however, we vacated McCall's plea in his direct appeal because we determined that the trial court failed to explain the effect of the plea to McCall and, thus, the plea was not voluntary, knowing, or intelligent. *McCall*, 8th Dist. Cuyahoga No. 105310, 2017-Ohio-2863, at ¶ 6-7. Failure to explain the effect of the plea does not implicate double jeopardy. *See State v. Lloyd*, 6th Dist. Lucas No. L-15-1035, 2016-Ohio-331 (double jeopardy attaches when a conviction is reversed due to insufficient evidence); *State v. McCullough*, 12th

Dist. Fayette No. CA2001-10-015, 2002-Ohio-5453 (the practical effect of vacating his plea and reversing his conviction is that appellant will be facing the original charges).

**{¶16}** Accordingly, McCall's first assignment of error is overruled.

### III. Explanation of Circumstances

**{¶17}** In his second assignment of error, McCall argues that his no contest plea should be vacated because the trial court failed to obtain an explanation of circumstances. He further maintains that double jeopardy should attach due to this failure. We agree.

**{¶18}** First, we find that the trial court's explanation of the effect of a no contest plea was improper. Crim.R. 11(B)(2) provides: "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." The trial court incorrectly informed McCall that by pleading no contest, he was admitting guilt "to the citation and complaint." By pleading no contest, however, McCall was admitting the facts alleged in the complaint. He was not admitting guilt. This court has consistently vacated no contest pleas based upon this error alone. *See Parma v. Pratts*, 8th Dist. Cuyahoga No. 94990, 2011-Ohio-708; *N. Royalton v. Semenchuk*, 8th Dist. Cuyahoga No. 95357, 2010-Ohio-6197; *Parma v. Buckwald*, 8th Dist. Cuyahoga Nos. 92354 and 92356, 2009-Ohio-4032. In fact, we did so in McCall's first appeal. *See McCall*, 8th Dist. Cuyahoga No. 105310, 2017-Ohio-2863 (we held that because the trial court failed to inform McCall of the effect of a no contest plea, his plea was not knowingly, voluntarily, and intelligently made, and the court erred by accepting it.).

**{¶19}** Turning to McCall's second assigned error, R.C. 2937.07 provides that "[a] plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of

the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding

of guilty or not guilty from the explanation of the circumstances of the offense."

{¶20} In *Berea v. Moorer*, 8th Dist. Cuyahoga No. 103293, 2016-Ohio-3452, the

defendant pleaded no contest to a first-degree misdemeanor OVI. This court explained that

pursuant to R.C. 2937.07:

> when a trial court finds a defendant guilty after that defendant has entered a no
> contest plea, the record must provide an "explanation of circumstances" that
> includes a statement of the facts supporting all of the essential elements of the
> offense. *Chagrin Falls v. Katelanos*, 54 Ohio App.3d 157, 561 N.E.2d 992 (8th
> Dist.1988), paragraph four of the syllabus; *Cuyahoga Falls v. Bowers*, 9 Ohio
> St.3d 148, 150, 459 N.E.2d 532 (1984). An explanation of circumstances is
> required so that the trial court does not simply make the finding of guilty in a
> perfunctory fashion. *Bowers* at 150. Moreover, "the mere fact that the court's
> record includes documents which could show the defendant's guilt will not
> suffice. If the prosecution relies on such documents, the record must show that
> the court considered them." *Katelanos* at 158, citing *Bowers* at 151.

*Moorer* at ¶ 9.

{¶21} We explained in *Moorer* that in *Bowers* the Ohio Supreme Court stated that

although Crim.R. 11 provides that a plea of no contest is an admission of the truth of the facts in

the complaint, R.C. 2937.07 provides a criminal defendant with the "substantive right" to an

explanation of circumstances following a plea of no contest. *Moorer* at ¶ 11, citing *Bowers*.

Therefore, "Crim.R. 11 does not supersede the requirements of R.C. 2937.07." *Id.*

{¶22} This court concluded in *Moorer* that the trial court failed to comply with R.C.

2937.07 because the trial court found the defendant guilty without providing an explanation of

the circumstances. *Id.* at ¶ 13. Regarding the remedy for the trial court's failure to comply with

R.C. 2937.07, this court held:

> a trial court's failure to comply with R.C. 2937.07 is more than mere trial error,
> but is instead a failure to establish facts sufficient to support a conviction. As
> such, double jeopardy attaches, thereby preventing the state from getting a second

chance to meet its burden. For these reasons, we find that Moorer must be acquitted of the OVI offense.

*Moorer* at ¶ 22.

**{¶23}** Just as in *Moorer*, the trial court here failed to comply with R.C. 2937.07 because the trial court found the defendant guilty without providing an explanation of the circumstances and, as such, double jeopardy attaches here and McCall must be acquitted of OVI.

**{¶24}** We further note that McCall did not waive his right to an explanation of circumstances. In *Moorer*, 8th Dist. Cuyahoga No. 103293, 2016-Ohio-3452, we stated:

> We recognize that defense counsel "stipulated to the facts and finding of guilt" following Moorer's no contest plea. However, there was no explicit waiver of the reading of the facts or explanation of circumstances. *See State v. Parsons*, 6th Dist. Wood No. WD-99-022, 2000 Ohio App. LEXIS 1060, *4 (Mar. 17, 2000) ("[A]lthough appellant stipulated to the facts * * *, no explanation of circumstances was officially entered from which the trial court could make its findings."). *See also State v. Schornak*, 2d Dist. Greene No. 2014-CA-59, 2015-Ohio-3383, ¶ 12, 41 N.E.3d 168, citing *State v. Roland*, 2d Dist. Champaign No. 2005 CA 39, 2006-Ohio-3517, ¶ 7 (finding that an offender's stipulation of guilt upon pleading no contest does not waive the explanation of circumstances requirement). Accordingly, we find the trial court failed to comply with its affirmative duty to provide an explanation of the circumstances under R.C. 2937.07.

*Moorer* at ¶ 13.

**{¶25}** The Sixth District recently concluded the same thing in *State v. Korossy*, 6th Dist. Ottowa No. OT-16-025, 2017-Ohio-7275. In *Korossy*, defense counsel informed the court that his client consented to a finding of guilt when pleading no contest to a first-degree misdemeanor. The Sixth District explained that it has "recognized that a defendant may waive the required R.C. 2937.07 explanation of the circumstances," but that "[a]ny such waiver must be explicit." *Id*. at ¶ 12, citing *State v. Kern*, 6th Dist. Lucas No. L-14-1173, 2015-Ohio-1988. The Sixth District went on to explain:

Contrary to the state's position, many Ohio courts have concluded that a defendant's stipulation of guilt upon pleading no contest does not by itself constitute a waiver. * * * [*State v. Schornak,* 2d Dist. Greene No. 2014-CA-59, 2015-Ohio-3383, ¶ 12]. Rather, those courts explain, a stipulation to be found guilty following a no-contest plea is no more than an agreement to be found guilty in accordance with R.C. 2937.07. *State v. Roland*, 2d Dist. Champaign No. 2005 CA 39, 2006-Ohio-3517, ¶ 18. It is not the functional equivalent of a guilty plea and it does not relieve the trial court of its duty to obtain an explanation of the circumstances before making a finding of guilt unless it is accompanied by a clear waiver by the defendant. *Id.* at ¶ 18; *State v. Brown*, 3d Dist. Marion No. 9-16-37, 2017-Ohio-678, ¶ 13. *But see State v. Clark*, 7th Dist. Mahoning No. 16 MA 0106, 2017-Ohio-4287, ¶ 17 ("[C]ounsel's stipulation to a finding could be read as a stipulation to a finding of guilt and a waiver of a further reading of the explanation of circumstances.").

In *Brown*, the trial court, in its judgment entry, submitted the defendant's plea as "No Contest, with a stipulated finding of Guilty." *Id.* at ¶ 10. The Third District determined that this entry did not — by itself — constitute a waiver. "Rather, a no contest plea with a stipulated finding of guilty must be accompanied by conduct on the part of the defendant that objectively indicates a clear intention to waive the explanation of circumstances." *Id.*

The *Brown* court distinguished [*State v. Arnold*, 3d Dist. Seneca No. 13-16-13, 2017-Ohio-326, 72 N.E.3d 715, ¶ 10], where it found that the defendant waived the explanation of circumstances requirement. In *Arnold*, when asked for his plea, the defendant answered through his counsel, "No contest. Consent to a finding of guilt, Your Honor. And there's an actual basis." *Id.* The court determined that by offering that there was "an actual basis" for a finding of guilt, the defendant went beyond a bare admission of the facts of the complaint and admitted that the facts were sufficient to establish guilt.

We agree with the distinction articulated by the Third District. And we find here that Korossy's consent to a finding of guilt did not waive the explanation of circumstances requirement. Accordingly, it was incumbent on the court to request an explanation of the circumstances before it could properly make a finding of guilt. Because it failed to do so, we find Korossy's first assignment of error well-taken.

*Korossy* at ¶ 15-18; *see also Columbus v. Chiles*, 10th Dist. Franklin No. 17AP-64, 2017-Ohio-8376 (following *Korossy*).

{¶26} In this case, the prosecutor told the trial court that it was the city's understanding that McCall was pleading no contest with a consent to a finding of guilt to OVI. This statement

by the prosecutor did not constitute a waiver of the explanation of circumstances. There is nothing in the record by McCall or his counsel — or even the trial court — to affirmatively or explicitly establish that McCall waived his right to an explanation of circumstances.

{¶27} The city acknowledges that the trial court failed to provide an explanation of circumstances, but argues that because the city provided an explanation of circumstances at the original plea hearing, it was not necessary to do it at the second plea hearing. We disagree.

{¶28} In *Middleburg Hts. v. Elsing*, 8th Dist. Cuyahoga 105231, 2017-Ohio-6891, the defendant pleaded no contest to OVI after the trial court denied her motion to suppress after an evidentiary hearing. At the plea hearing in *Elsing*, the following exchange took place between the court and defense counsel:

THE COURT: And then she's going to plead to the [OVI], is that right?

[DEFENSE COUNSEL]: That's correct, Judge.

THE COURT: What would be her plea?

[DEFENSE COUNSEL]: Judge, she would withdraw her previously entered plea of not guilty and enter a plea of no contest to that particular offense.

THE COURT: Is the defendant waiving the facts?

[DEFENSE COUNSEL]: I believe you've heard the facts, Judge.

THE COURT: I have.

[DEFENSE COUNSEL]: So I don't think there's anything more that needs to be presented to the Court.

*Id.* at ¶ 12.

{¶29} The trial court went on to accept Elsing's no contest plea and enter a finding of guilt. We found that the trial court erred in doing so, explaining:

It is clear from a review of the transcript that neither the trial judge nor the prosecutor stated any facts on the record at the plea hearing and thus "'offered no

explanation of what circumstances gave rise to the finding of guilty'" at the plea hearing. *Moorer* at ¶ 13, quoting *State v. Herbst*, 6th Dist. Lucas No. L-03-1238, 2004-Ohio-3157. Once Elsing entered her no contest plea, the trial judge simply stated that he accepted her plea and that he found her guilty. Elsing did not explicitly waive the reading of the facts or the "explanation of the circumstances" requirement. *See Moorer* at ¶ 13.

Although the record contains several documents, including the citation and the police officer's testimony from the suppression hearing that could have supported a finding of guilt and, although the trial judge acknowledged that he had previously "heard the facts," the trial court did not at any point reference any of these facts or materials for the record. "While the trial court judge may have had knowledge of facts that would constitute a sufficient basis for a finding of guilt, the law requires an explanation of the circumstances that support such a conclusion." *Brown*, 2017-Ohio-678, at ¶ 12; see also *Horvath*, 2015-Ohio-4729, 49 N.E.3d 847, at ¶ 16 (citing *Cleveland v. Paramount Land Holdings, L.L.C.*, 8th Dist. Cuyahoga No. 95448, 2011-Ohio-3383, ¶ 23, for the proposition that "an explanation of circumstances is not satisfied by a presumption that the [trial] court was aware of facts").

*Elsing* at ¶ 13-14.

**{¶30}** In this case, the original plea hearing took place in July 2016 — one year and two months before the second plea hearing. This court vacated McCall's no contest plea after the first plea hearing because the trial court failed to explain the effect of the plea to him and, thus, we found that he did not knowingly, intelligently, and voluntarily enter into his plea. *McCall*, 8th Dist. Cuyahoga No. 105310, 2017-Ohio-2863, at ¶ 7. As such, McCall was entitled to an explanation of the circumstances at the second plea hearing that supported the trial court's finding of guilt. Further, because the record does not contain an explanation of circumstances, double jeopardy attaches. *Moorer*, 8th Dist. Cuyahoga No. 103293, 2016-Ohio-3452, at ¶ 22.[1] Accordingly, McCall must be acquitted of OVI and discharged.

---

[1]The issue of whether double jeopardy attaches when the trial court fails to obtain an explanation of circumstances upon receiving a no contest plea to a misdemeanor offense is currently pending before the Ohio Supreme Court. *See Girard v. Giordano*, 151 Ohio St.3d 1502, 2018-Ohio-365, 90 N.E.3d 946. The state's accepted proposition of law in *Giordano* is:

The Double Jeopardy clauses of the United States Constitution and Ohio Constitution do not

**{¶31}** Judgment reversed and remanded. McCall's OVI conviction is vacated, and the trial court is instructed to issue a judgment reflecting that McCall is acquitted of OVI and is discharged.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, JUDGE

MELODY J. STEWART, P.J., CONCURS;
FRANK D. CELEBREZZE, JR., J., CONCURS IN PART AND
DISSENTS IN PART WITH SEPARATE OPINION

FRANK D. CELEBREZZE, JR., J., CONCURRING IN PART AND DISSENTING IN PART:

**{¶32}** I respectfully concur in part and dissent in part. I agree with the majority's conclusion that double jeopardy did not attach when this court previously vacated McCall's plea in his first appeal, *McCall*, 8th Dist. Cuyahoga No. 105310, 2017-Ohio-2863. However, I disagree with the majority's analysis of McCall's second assignment of error.

---

discharge a defendant from criminal liability and bar subsequent prosecution for the same offense where a trial court fails to [obtain] an explanation of circumstances as required by R.C. 2937.07 upon receipt of a no contest plea to a misdemeanor offense.

{¶33} In his second assignment of error, McCall argues that the trial court failed to provide an explanation of circumstances as required by R.C. 2937.07 and, thus, his no contest plea and sentence are void.

{¶34} Prior to addressing the merit's of McCall's arguments, I would find that McCall waived his specific right to an "explanation of circumstances." Specifically, of note is the following statement made by the prosecutor prior to McCall entering his no contest plea: "[McCall's plea] will be a plea of no contest *with a consent to a finding of guilt to the charge*." (Emphasis added.) (Tr. 3.) After engaging in the plea colloquy with McCall, the trial court thereafter stated, "I will accept the no contest plea, [and] make a finding of guilt." (Tr. 7.) Therefore, the record reflects that McCall waived the specific right to an explanation of circumstances. *See State v. Vild*, 8th Dist. Cuyahoga No. 69574, 1996 Ohio App. LEXIS 3657, 16 (Aug. 29, 1996) (where the defendant argued that his plea lacked a "factual basis," however, the record reflected that the defendant "waived the recital of the prosecution's evidence."). Indeed, there was ample opportunity for McCall or his counsel to object to the prosecutor's specific statements. As the record does not indicate such an objection by McCall or his counsel, it can safely be assumed that all parties were in agreement as to the consent to a finding of guilt.

{¶35} Further, I would find that, by entering a plea of no contest under which McCall consented to a finding of guilt, McCall invited any error regarding his right to an explanation of circumstances or the trial court's failure to satisfy the explanation of circumstances requirement. "Under the doctrine of invited error, a litigant may not 'take advantage of an error which he himself invited or induced.'" *State v. Gumins*, 8th Dist. Cuyahoga No. 90447, 2008-Ohio-4238, ¶ 19, quoting *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.*, 28 Ohio St.3d 20, 502 N.E.2d 590 (1986), paragraph one of the syllabus.

**{¶36}** Even if McCall did not waive the right to a reading of the explanation of circumstances and the invited error doctrine did not apply, the record reflects the explanation of circumstances requirement was met at the original plea hearing.

**{¶37}** R.C. 2937.07, which governs no contest pleas in misdemeanor cases, states:

> A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense.

Under R.C. 2937.07, when a court finds a defendant guilty after he has entered a no contest plea, the record must provide an "explanation of circumstances" that includes a statement of the facts supporting all of the essential elements of the offense. *Broadview Hts. v. Krueger*, 8th Dist. Cuyahoga No. 88998, 2007-Ohio-5337, ¶ 10.

**{¶38}** It is uncontested that the trial court had previously performed the "explanation of circumstances" at the original change of plea hearing on July 26, 2016. In the midst of the plea colloquy, the prosecutor stated on the record the following:

> [O]n April 19th, of this year the defendant was operating a motor vehicle within the [c]ity of Cleveland where he was pulled over for speed. The officers observed that the defendant had six HGN[2] clues. The defendant displayed one of eight clues on the [w]alk and [t]urn. And that when he was given the test, the defendant submitted a urine test, it was positive for both marijuana and cocaine. And based on the officer's observation the defendant was impaired.

---

[2] Horizontal gaze nystagmus. *See Cleveland v. Cunningham*, 8th Dist. Cuyahoga No. 105403, 2018-Ohio-844, ¶ 3.

(Tr. 2-3.) Upon remand, the "explanation of circumstances" was not recited on the record during the subsequent change of plea hearing. However, the trial court's failure to provide the "explanation of circumstances" on remand is not dispositive of the issue before us.

{¶39} As noted by the Fifth District, "[R.C. 2937.07] does not prescribe a time or sequence within which the 'explanation of circumstances' must take place." *State v. Wendell*, 5th Dist. Stark No. CA-8179, 1991 Ohio App. LEXIS 276, 6 (Jan. 14, 1991). The Fifth District in *Wendell* explained that the trial judge and the defendant had heard the "explanation of circumstances" at a "lengthy suppression hearing." *Id.*; *State v. Kiefer*, 1st Dist. Hamilton No. C-030205, 2004-Ohio-5054 (where the trial court accepted a defendant's no contest plea after a suppression hearing was had and the evidence at that hearing constituted an explanation of circumstances sufficient to support the trial court's guilty finding and thus, the R.C. 2937.07 requirements were met).

{¶40} In the instant case, although the "explanation of circumstances" was not re-recited upon remand, the trial court nevertheless had sufficient evidence that supported all of the essential elements of the offense to make a finding of guilt, as in *Wendell* and *Kiefer*. In *Kiefer* and *Wendell*, the "explanation of circumstances" were not performed by the prosecution at the plea hearing. Nevertheless, on appeal, both the Fifth and First Districts, respectively, concluded that there existed within the record sufficient evidence to support the trial court's finding of guilt. The "explanation of circumstances" relates to the sufficiency of the evidence and whether the trial court is able to make a determination on the finding of guilt based upon the evidence presented as to the essential elements of the charge.

{¶41} Thus, the instant case does not present us with the problem that the record was silent as to whether the trial court based its decision on the documentary evidence in the file.

*See Cuyahoga Falls v. Bowers,* 9 Ohio St.3d 148, 459 N.E.2d 532 (1984). Nor does the instant case present us with the problem that the trial court was only "aware of [the] facts that may be gleaned from a review of 'the available documentation.'" *Cleveland v. Paramount Land Holdings, L.L.C.*, 8th Dist. Cuyahoga No. 95448, 2011-Ohio-3383, ¶ 23, quoting *Bowers* at 151. Within the record, albeit out of sequence, there is sufficient evidence demonstrating that the "explanation of circumstances" was executed and that the trial court considered the "explanation of circumstances" and thus complied with R.C. 2937.07. I would therefore find that the trial court satisfied the R.C. 2937.07 requirements.

{¶42} Accordingly, I would overrule McCall's second assignment of error and affirm the trial court's denial of McCall's motion to dismiss. Furthermore, I would affirm his conviction and sentence.