[Cite as *Cleveland Hts. v. Whitlow*, 2025-Ohio-368.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND HEIGHTS, :

    Plaintiff-Appellee, :

                                 No. 113837

    v. :

KEONDRA WHITLOW, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 6, 2025

---

Criminal Appeal from the Cleveland Heights Municipal Court
Case No. CRB2300600

---

### *Appearances:*

William Hanna, Director of Law, City of Cleveland Heights, and Pamela L. Roessner, Prosecutor, *for appellee.*

Michela Huth, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Appellant Keondra Whitlow ("Whitlow") contests her convictions stemming from an incident involving her dogs causing physical injuries to a minor child victim. After a thorough review of the law and record, this court affirms.

# I. Factual and Procedural History

{¶ 2} On August 23, 2023, the City of Cleveland Heights ("the City") filed a five-count complaint against Whitlow, assigned Cleveland Heights M.C. No. CRB2300600; Counts (A) through (E) were filed against Whitlow relating to an incident that occurred on May 26, 2023. Count A detailed that Whitlow's two-year-old "gray male pit bull" attacked or bit victim A.W., a juvenile, in violation of Cleveland Heights Cod.Ord. ("C.H.C.O.") No. 505.07(a)(c). The remaining counts alleged violations of C.H.C.O. No. 505.07(a), detailing that Whitlow allowed her (1) two-year-old "gray male pit bull," (Count B) (2) two-year-old "white female pit bull," (Count C) (3) three-year-old "gray female pit bull," (Count D) and (4) one-year-old "gray male pit bull" (Count E) to run at large while unleashed. The police report attached to the complaints indicated that the child victim was hospitalized for her injuries, which were documented as "wounds to her face and forehead, multiple bites to both her arms and hands . . . . above her elbow there was a large wound that appeared the flesh was torn off."

{¶ 3} The relevant portions of C.H.C.O. 505.07(a) and (c) are as follows:

(a) No owner, keeper or person in charge of a dog or cat shall permit such animal to run at large or shall fail to control such animal anywhere within the City. Testimony that an animal was not on the property of its owner, keeper or person in charge, or was not held securely in leash by a person accompanying such animal when found shall be prima-facie evidence that the animal was not under control. For purposes of subsections (a), (b), (c) and (d) hereof, strict criminal liability is contemplated herein.

. . .

(c) Notwithstanding the above, a violation of subsection (a) hereof shall be a misdemeanor of the second degree when such animal is found to have attacked or bitten a person either while at large, or when leashed and not on the property of its owner, keeper or person in charge, and a misdemeanor of the third degree when such animal is found to have attacked or bitten another domestic animal while at large, or while leashed but not under control as described herein.

{¶ 4} On September 12, 2023, Whitlow executed a plea and waiver form, entering a not guilty plea to all charges and waiving her rights to speedy trial and an explanation of circumstances.

{¶ 5} On March 7, 2024, Whitlow agreed to a plea deal. She withdrew her not guilty plea and entered a no contest plea to CRB2300600A and CRB2300600B, pertaining to the two-year-old "gray male pit bull," who was at large and bit A.W. The court found Whitlow guilty and dismissed the remaining charges. In lieu of sentencing that day, the trial court ordered a presentence-investigation report and set sentencing for April 1, 2024.

{¶ 6} On March 26, 2024, the City filed a motion asking that all the dogs involved in this matter be declared vicious pursuant to C.H.C.O. 505.091 and 505.19. The motion detailed that in the instant matter, Whitlow's dogs "caused serious injuries to [the victim's] face, arms, and hands that resulted in gaping wounds. . . . There were four dogs total that attacked this victim, however one of them was allegedly euthanized by [Whitlow]. The City has requested proof of this, but the Defendant has failed to provide it." Attached to the motion were records of police phone calls pertaining to dogs at Whitlow's residence from August and October

2022. Whitlow did not contest that the dogs were vicious, and the court granted the motion.

{¶ 7} On April 1, 2024, the court sentenced Whitlow. The court imposed a fine, court costs, 7 days in jail, and placed Whitlow on active probation for 12 months, ordering the following:

> Defendant shall forfeit all animals in her ownership and care to an impounding agency within fourteen days. Defendant shall reimburse the impounding agency for the reasonable and necessary costs incurred. Defendant is prohibited from owning or caring for any companion animals while on community control. Defendant is subject to random daylight inspections by this Court's probation department, humane agents, and the Cleveland Heights Police to ensure compliance with the animal restriction.

{¶ 8} Whitlow's appeal raises ten assignments of error.[1]

I. The trial court erred by finding Keondra Whitlow guilty on the misdemeanor charges without an explanation of circumstances.

II. The trial court erred when it failed to give Defendant a separate sentence on each count.

III. The trial court improperly sentenced the Defendant to allied offenses of similar import.

IV. The criminal complaints are defective and the trial court's conviction and sentence is unlawful, because they conflict with Ohio Revised Code Section 955.99(K).

V. The Trial Court erred and abused its discretion when it set forth the following community control conditions: (1) forfeiture of all

---

[1] While this matter was pending, the parties filed a motion stipulating that a word in the transcript that had been transcribed as "inaudible" was the word "recitation" and could be clearly heard on the audio recording. Whitlow, because of this change, asked to refile her appellate brief, which we granted. She refiled her brief, which we accepted and as a result, struck her initial appellate brief from the record. Accordingly, our review is limited to Whitlow's refiled brief.

her animals to an impounding agency; (2) reimbursement to an unidentified agency for the reasonable and necessary costs incurred; (3) banning of owning or caring for animals; and (4) random and unannounced inspections of her home. *See* April 1, 2024 Judgment Entry.

VI.     Cleveland Heights Ordinance 505.07 conflicts with state law conflicts and exceeds the City of Cleveland Heights' authority under the Home Rule Amendment, and therefore the conviction is unlawful.

VII.    The Trial Court erred by convicting the Defendant for violating Cleveland Heights Ordinance 505.07(a)(c) when the offense charged failed to allege the precedent requirement that the dog be a dangerous or vicious dog.

VIII.   The trial court lacked subject matter jurisdiction, and erred by convicting the Defendant of violating Cleveland Heights Ordinance 505.07(c) where the Complaint charged her with violating Ordinance 505.07(a)(c).

IX.     The trial court lacked subject matter jurisdiction because the criminal complaint failed to set forth the material elements of Cleveland Heights Ordinance 505.07(a)(c).

X.      The court had insufficient evidence to support the conviction for violation of Cleveland Heights Ordinance 505.07(a)(c).

## II. Law and Analysis

{¶ 9}   We address Whitlow's assignments of error out of order and together for ease of discussion.

### A. Explanation of Circumstances

{¶ 10}  Whitlow's first assignment of error contends that the trial court erred in finding Whitlow guilty without an explanation of circumstances.

{¶ 11}  Pursuant to R.C. 2937.07, a no contest plea "shall constitute an admission of the truth of the facts alleged in the complaint and that the judge may

make a finding of guilty or not guilty from the explanation of circumstances of the offense." An explanation of the circumstances of the offense may be waived, but such waiver "'must be explicit.'" *Cleveland v. McCall*, 2018-Ohio-4330, ¶ 25 (8th Dist.), quoting *State v. Korossy*, 2017-Ohio-7275, ¶ 12 (6th Dist.).

{¶ 12} Whitlow waived her right to an explanation of circumstances on two occasions. When Whitlow first filled out the plea form in September 2023, where she entered her not guilty plea, she circled "yes" when asked if she would like to waive the explanation of circumstances. On March 7, 2024, when Whitlow appeared with counsel and accepted a plea deal, the following exchange occurred:

> THE COURT: You understand that[,] that no contest plea, what that means is, you're not admitting to your guilt, but you are admitting to the truth of the facts that are set forth in that citation?
>
> [WHITLOW]: Yes, your Honor.
>
> THE COURT: And do you understand that by doing that today you're giving up a number of rights and that includes your right to have a trial where the City would need to prove these charges against you beyond a reasonable doubt?
>
> [WHITLOW]: Yes.
>
> THE COURT: I will accept a no contest plea to those two charges, dismissing the balance of the charges to C, D and E; finding that your pleas have been entered knowingly, intelligently and voluntarily. Counselor, for the record, your client is waiving recitation[2] and stipulating to a finding of guilt?
>
> [WHITLOW'S COUNSEL]: Yes, your Honor.

---

[2] As previously explained, on June 24, 2024, the parties stipulated that this word, which was marked by the audio transcription service as "inaudible" was "recitation."

(Mar. 7, 2024, tr. 4-5.)

{¶ 13} "Recitation" or "recitation of the facts" has been used as a synonymous term for "explanation of circumstances." *See, e.g.*, *State v. Vild*, 1996 Ohio App. LEXIS 3657, *24 (8th Dist. Aug. 29, 1996); *State v. Blair*, 2013-Ohio-3477, ¶ 20 (11th Dist.); *State v. Johnson*, 2024-Ohio-1089, ¶ 16 (12th Dist.).

{¶ 14} In *McCall*, this court found that the prosecutor's telling "the trial court that it was the city's understanding that McCall was pleading no contest with a consent to a finding of guilty to OVI . . . did not constitute a waiver of the explanation of circumstances." *Id*. at ¶ 26. The *McCall* majority further found that "[t]here is nothing in the record by McCall or his counsel — or even the trial court — to affirmatively or explicitly establish that McCall waived his right to an explanation of circumstances." *Id*. *McCall* is distinguishable; here, the totality of the evidence in the record indicates that on two occasions, Whitlow and her counsel waived the explanation of circumstances.

{¶ 15} We find, therefore, that Whitlow explicitly waived her right to an explanation of circumstances on the September 2023 form and again through counsel during her change-of-plea hearing. Whitlow's first assignment of error is overruled.

## B. The Sentence Imposed

{¶ 16} Whitlow's second, third, and fifth assignments of error contest the sentence that the trial court imposed.

{¶ 17} A trial court enjoys broad discretion in imposing a sentence on a misdemeanor offense. As such, this court reviews a trial court's misdemeanor sentence for an abuse of discretion. *State v. Gaines*, 2019-Ohio-639, ¶ 21 (8th Dist.), citing *Lakewood v. Dobra*, 2018-Ohio-960, ¶ 8 (8th Dist.); *Cleveland v. Peoples*, 2015-Ohio-674, ¶ 13 (8th Dist.). An abuse of discretion is commonly understood as a court exercising its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah,* 2021-Ohio-3304, ¶ 35.

{¶ 18} In her second assignment of error, Whitlow argues that the trial court erred when it failed to sentence her separately for each count. She specifically claims that she is unable to discern to what count the community-control sanctions were associated.

{¶ 19} R.C. 2929.25(A)(1)(b) provides that when sentencing an offender for a misdemeanor, the court may impose a jail term, and "suspend all or a portion of the jail term imposed, and place the offender under a community control sanction or combination of community control sanctions. . . ."

{¶ 20} Here, the trial court found Whitlow guilty of Counts A and B for failure to control resulting in an attack or bite and failure to control, respectively. C.H.C.O. 507(a) and (c) provide that when failure to control results in an attack or bite to a person, the failure to control is elevated to a second-degree misdemeanor. Pursuant to R.C. 2929.24 and C.H.C.O. 501.99(b)(1), second-degree misdemeanors are subject to "not more than ninety days" in jail. It is clear from the record that on Count A, the court imposed a 90-day jail sentence, suspended all but 7 days, and

placed Whitlow under community-control sanctions in lieu of the full 90-day sentence.  For Count B, Whitlow received a fine of $250.

{¶ 21} We cannot say that the record demonstrates that Whitlow was not sentenced separately for each count and the record does demonstrate that the community-control sanctions were imposed as part of Count A.  We thus overrule her second assignment of error.

{¶ 22} In her third assignment of error, Whitlow claims that the trial court improperly sentenced her to allied offenses of similar import, arguing that Counts A and B both pertained to the same two-year-old gray male pit bull that was both at large and bit the victim.

{¶ 23} R.C. 2941.25(A) provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."  Subsection (B) provides that when the conduct constitutes two or more offenses of dissimilar import, or where "his conduct results in two or more offenses of the same or similar kind committed separately . . . the defendant may be convicted of all [counts charged in the indictment]."  *State v. Ruff*, 2015-Ohio-995, ¶ 20.  "[O]ffenses are not allied offenses of similar import if they are not alike in their significance and their resulting harm."  *Ruff* at ¶ 22.  *Ruff* also importantly provides that

> [a]t its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct.  The evidence at trial or during a plea or sentencing hearing will reveal

whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

*Id.* at ¶ 26.

{¶ 24} Our review of the facts of this case indicate that Whitlow's charges pursuant to C.H.C.O. 507(a) and (c) were offenses of dissimilar import. C.H.C.O. 507(a) and (c) are both strict liability offenses pursuant to the language of the ordinances. This court has previously found, within the allied offenses analysis, that strict liability offenses are intended to protect the public as a whole. *State v. James*, 2015-Ohio-4987, ¶ 34 (8th Dist.).

{¶ 25} Here, we find that the facts of this case indicate that Whitlow's dog could not be controlled both on and off the leash, which created a danger to the public, and caused bodily harm to the victim. There is significant, separately identifiable harm stemming from Whitlow's actions. The harm that resulted from each offense was separate and identifiable based on Whitlow's inability to control the dog and because the dog caused severe injuries to the arms and face of a child victim. Moreover, the dog at large posed a danger to Whitlow's daughter, with whom she was walking at the time, as well as the various neighbors in the area that gave statements to the responding police officers.

{¶ 26} Accordingly, we find based on the record before us that the trial court did not err in failing to merge the offenses and Whitlow's third assignment of error is overruled.

{¶ 27} In her fifth assignment of error, Whitlow argues that the trial court abused its discretion in fashioning the conditions of her community-control sanctions. Whitlow particularly takes issue with the community-control conditions related to "forfeiture, impoundment costs, random inspections, and ownership ban." She generally argues that these are overbroad.

{¶ 28} A trial court enjoys broad discretion in fashioning community-control sanctions that are thus reviewed under an abuse of discretion standard. R.C. 2929.21; *State v. Talty*, 2004-Ohio-4888, ¶ 10. To determine whether community-control conditions are "not . . . overbroad and [are] reasonably relate[d] to the goals of community control: 'rehabilitation, administering justice, and ensuring good behavior,'" the Ohio Supreme Court has articulated a three-part test. *State v. Mahon*, 2018-Ohio-295, ¶ 7 (8th Dist.), quoting *Talty* at ¶ 12. Courts should consider whether the condition "(1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of [community control]." *State v. Jones*, 49 Ohio St.3d 51, 53 (1990).

{¶ 29} The conditions involving forfeiture of any animals, costs associated with such forfeiture, and a bar from owning animals while on community control

pass the *Jones* framework.  Ohio courts have consistently upheld community-control sanctions requiring forfeiture of all animals, not just the animal subject to the conviction.  *See, e.g.*, *State v. Wolfe*, 2022-Ohio-2921, ¶ 22 (4th Dist.) (collecting cases).  We also find forfeiture and the costs associated therewith pass the *Jones* test without considering the decisions of other Ohio courts.  The trial court pointed out that this was not Whitlow's first animal-related offense, that Whitlow showed no remorse and continued to blame the victim for the offense, and that she did not have any dogs registered at her address.  These comport with the *Jones* factors.

{¶ 30} As for barring Whitlow from owning any animals for the duration of her community-control sanctions, we find that the record supports such a sanction. Whitlow has a history of dog-related offenses, has a history of being unable to control her dogs, has a history of failing to register her dogs, and was evasive with the trial court and probation department about the status of dogs in her home, particularly whether the dog that bit the victim was still in her possession or even alive.  Barring Whitlow from owning any animals for the period that she is on community-control therefore passes the *Jones* test.

{¶ 31} Turning to the random inspections, we find that these are not per se improper under the *Jones* test for the reasons already discussed dealing specifically with Whitlow's history with animals and lack of rehabilitation, as well as protection of the community.  However, we caution that these random inspections must comport with R.C. 2951.02(A), and the inspections may only be performed when the probation officer has "reasonable grounds to believe" that the probationer is

violating the law or terms of community control. *Olmsted Twp. v. Donnelly*, 2023-Ohio-3712, ¶ 16 (8th Dist.).

{¶ 32} Whitlow's fifth assignment of error is overruled.

## C. Sufficiency of the Evidence

{¶ 33} In her seventh assignment of error, Whitlow argues that the trial court erred in finding her guilty of violating C.H.C.O. 505.07(a)(c) because the condition precedent, that the subject dog be a "dangerous or vicious dog," was not met. Whitlow's tenth assignment of error argues that her conviction of C.H.C.O. 505.07(a)(c) was based on insufficient evidence.

{¶ 34} The Ohio Supreme Court has explained that a no-contest plea "is an admission by the defendant to the facts alleged in the complaint . . . . such an admission provides sufficient evidence for a conviction." *Girard v. Giordano*, 2018-Ohio-5024, ¶ 17, citing Crim.R. 11 and R.C. 2937.07. A defendant is barred from challenging the sufficiency of the evidence as to elements that are deemed admitted via [their] no contest plea. *State v. Jones*, 2013-Ohio-4745, ¶ 9 (6th Dist.).

{¶ 35} In entering her no-contest plea, Whitlow admitted that the dog was "dangerous or vicious" and waived her ability to challenge the sufficiency of the evidence as to the elements of the offense as pled in her no-contest plea. Whitlow's seventh and tenth assignments of error are therefore overruled.

## D. Constitutional and Jurisdictional Errors

{¶ 36} In her sixth assignment of error, Whitlow argues that C.H.C.O. 505.07(a) and (c) "conflicts with state law conflicts and exceeds the City of Cleveland

Heights' authority under the Home Rule Amendment." In her fourth assignment of error, Whitlow contends that the complaints were defective and do not comply with R.C. 955.99(K). In her eighth assignment of error, Whitlow argues that the trial court erred in "convicting [Whitlow] of violating [C.H.C.O.] 505.07(c) where the Complaint charged her with violating [C.H.C.O.] 505.07(a)(c)." Similarly, Whitlow's ninth assignment of error alleges that the complaint "failed to set forth the material elements of [C.H.C.O.] 505.07(a)(c)."

{¶ 37} We initially note that all of these assignments of error are brought for the first time on appeal and were never raised with the trial court at any point during Whitlow's plea hearing and sentencing. Generally, "an appellate court should not consider questions which have not been properly raised in the trial court and upon which the trial court has had no opportunity to pass." *State v. Long*, 53 Ohio St.2d 91, 96, 372 N.E.2d 804 (1978).

{¶ 38} Many of these assignments of error deal with constitutional rights, which were waived for appellate review when Whitlow "subsequently [pled] guilty or no contest." *State v. Fetty*, 2007-Ohio-905, ¶ 6 (3d Dist.). Whitlow's assigned errors regarding the form and allegations in the complaints are similarly waived. "In general, defects in a complaint must be objected to by motion prior to trial or the objection is deemed waived." Crim.R. 12(B)(2); *State v. Simmans*, 21 Ohio St.2d 258, 262 (1970).

{¶ 39} We therefore decline review of Whitlow's fourth, sixth, eighth, and ninth assignments of error and thus, they are overruled.

**{¶ 40}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

EILEEN A. GALLAGHER, A.J., and
EILEEN T. GALLAGHER, J., CONCUR